_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

FEB 03 2009    RE

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
                              DEPUTY



**09-CV-00149-CMP**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTIN BAIN,

                    Plaintiff,

    v.

METROPOLITAN MORTGAGE GROUP,
INC., INDYMAC BANK, FSB; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS;
REGIONAL TRUSTEE SERVICE; FIDELITY
NATIONAL TITLE; and Doe Defendants 1
through 20, inclusive,

                   Defendants.

No. **C09-0149JCC**

NOTICE OF REMOVAL
(FEDERAL QUESTION)

(originally King County Superior Court,
Case No. 08-2-43438-9SEA)

17

18

19

20

21

22

23

24

25

26

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF WASHINGTON, SEATTLE:**

    PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441, and 12
U.S.C. § 1819(b)(2)(B), IndyMac Bank, FSB hereby removes to this Court the above-referenced
action from the Superior Court of Washington for King County to this Court on the grounds of
federal question jurisdiction.

    The following statement is submitted pursuant to 28 U.S.C. § 1446(a):

    1.    On July 11, 2008, the Office of Thrift Supervision ("OTS") closed Indymac Bank,
F.S.B. (the "failed institution") and appointed the Federal Deposit Insurance Corporation
("FDIC") as its Receiver ("FDIC-Receiver") pursuant to 12 U.S.C. § 1464(d)(2)(A) and §

NOTICE OF REMOVAL - 1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

ORIGINAL

50963010.1

NO 185/SEA 23614

1821(c)(5).  The FDIC-Receiver is the successor-in-interest to the failed institution, assuming all rights, titles, powers, privileges, and operations of the failed institution.  The FDIC-Receiver was appointed for the purpose of liquidating the liabilities of the failed institution.  This purpose also includes the administration of claims filed by creditors of the failed institution.  On the same date, the OTS chartered a new institution, IndyMac Federal Bank, FSB, to which it transferred all of the insured deposits and substantially all of the assets of the failed institution and appointed the FDIC as Conservator ("FDIC-Conservator") to operate the new institution.  Since that date, the FDIC has been operating in the dual capacity as Receiver for Indymac Bank, F.S.B. and as Conservator for IndyMac Federal Bank, FSB (collectively, the "Bank").

2. The FDIC, in its appointed role as receiver and conservator, stands in the shoes of the Bank to perform all functions of the Bank, including to defend this action.  Attached hereto as Exhibit A is a true and correct copy of the Office of Thrift Supervision's July 11, 2008 Order.  A Motion to Substitute the FDIC, as receiver and as conservator of the Bank, in the place and stead of IndyMac Bank, FSB will be filed upon assignment of a case number following removal.

3. On December 23, 2008, an action was commenced in the Superior Court of the State of Washington in and for the County of King, entitled *Kristin Bain v. IndyMac Bank, FSB; Twin Capital Mortgage, Inc.; First American Title Company; Mortgage Electronic Registration Systems, Inc.; Fidelity National Title Company; Regional Trustee Services Corporation; and Doe Defendants 1 through 20, inclusive,* Case No. 08-2-43438-9SEA (the "State Court Action").

4. The first date on which the Bank received a copy of the Complaint in the State Court Action was January 5, 2009.  This Notice of Removal is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(3) because it is filed on February 3, 2009, which is fewer than 30 days since the Bank received a copy of the Complaint.

5. Pursuant to 28 U.S.C. § 1446(a), IndyMac Bank, FSB files this Notice of Removal in the District Court of the United States for the district and division within which the State Action is pending.

NOTICE OF REMOVAL - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

50963010.1

1     6.    This Court has original jurisdiction of this civil action under 28 U.S.C. § 1331,

2 and therefore the action is also properly removable to this Court under 28 U.S.C. § 1441(b),

3 because Plaintiff has asserted claims against the Bank arising under the following federal

4 statutes: 15 U.S.C. § 1601 (Truth In Lending Act); 12 U.S.C. § 2601-2617 (Real Estate

5 Settlement Procedures Act).  These federal statutes encompass the stated bases for each of

6 Plaintiff's causes of action.  This Court has supplemental jurisdiction over the state law claims

7 asserted in Plaintiff's Complaint pursuant to 28 U.S.C. § 1441(c).

8     7.    In addition, the case is removable pursuant to 28 U.S.C. § 1441(b).  Any civil suit

9 in which the FDIC, in any capacity, is a party is "deemed to arise under the laws of the United

10 States."  12 U.S.C. § 1819(b)(A)(2)(A); *see also Bullion Services, Inc. v. Valley State Bank*, 50

11 F.3d 705, 707 (9th Cir. 1995).

12     8.    Pursuant to 28 U.S.C. § 1446(a) and CR 101(b), attached hereto as Exhibit B are

13 true and correct copies of all process, pleadings, and other orders served upon the Bank in the

14 state action.

15     9.    Consistent with Local Civil Rule 101(b), IndyMac Bank, FSB is filing

16 concurrently with this Notice a Verification of State Court Records.

17     10.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal with its

18 attachments will be promptly served on Plaintiff and all defense counsel, and notice thereof will

19 be filed with the clerk of the King County Superior Court.

20

21

22

23

24

25

26

NOTICE OF REMOVAL - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1      WHEREFORE, IndyMac Bank, FSB hereby removes King County Superior Court Case

2  No. 08-2-43438-9SEA to the United State District Court, Western District of Washington,

3  Seattle.

4      DATED this _____ day of February, 2009.

5

6      FOSTER PEPPER PLLC

7

8      Douglas L. Davies, WSBA #16750
       Laura Marquez-Garrett, WSBA #41010

9

10     **Attorneys for Defendants IndyMac Bank,
       FSB and Mortgage Electronic Registration
       Systems**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL - 4

50963010.1

1
2

## DECLARATION OF SERVICE

3

I, Leah Tarabochia, state that I am a citizen of the United States of America and a

4

resident of the State of Washington, I am over the age of twenty one years, I am not a party to

5

this action, and I am competent to be a witness herein. I caused to be delivered by legal

6
7

messenger the aforementioned with the Clerk of the Court and the following parties who have

8

appeared in this action as of today's date:

9

Melissa A. Huelsman
705 2nd Avenue, Ste. 501

10

Seattle, WA 98104-1715
mhuelsman@predatorylendinglaw.com

11

Jennifer Tait

12

Robinson Tait, P.S.
710 Second Avenue, Suite 710

13

Seattle, WA 98104
jtait@robinsontait.com

14

I DECLARE under penalty of perjury under the laws of the State of Washington that the

15

foregoing is true and correct.

16
17

DATED this 3rd ~~2nd~~ day of February, 2009.

18
19

_Leah M. Tarabochia_
Leah M. Tarabochia

20
21
22
23
24
25
26

NOTICE OF REMOVAL - 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

# EXHIBIT A

## OFFICE OF THRIFT SUPERVISION

### Pass-Through Receivership Of A Federal Savings Association Into A De Novo Federal Savings Association That is Placed Into Conservatorship With the FDIC

Date: July //, 2008

Order No.: 2008-24

The Director of the Office of Thrift Supervision ("OTS"), or his designee, in cooperation with the Federal Deposit Insurance Corporation ("FDIC"), has determined: (1) to appoint the FDIC as receiver for the savings association specified below ("OLD THRIFT"); (2) to approve the FDIC's request for the issuance of a new federal mutual savings association charter ("NEW THRIFT") as a successor to OLD THRIFT; (3) to approve the transfer of such assets and liabilities of OLD THRIFT to its successor NEW THRIFT, as the FDIC has determined to be appropriate; and (4) to appoint the FDIC as conservator of NEW THRIFT. Collectively, numbers 2 through 4 of the foregoing are referred to herein as the "APPLICATIONS."

"OLD THRIFT," refers to:

| Name | Location | OTS No. |
|------|----------|---------|
| IndyMac Bank, F.S.B. | Pasadena, California | 03970 |

### I. GROUNDS FOR ACTIONS TAKEN IN THIS ORDER:

### RECEIVERSHIP; GROUNDS FOR APPOINTMENT OF FDIC AS RECEIVER FOR OLD THRIFT

The Director, or his designee, based upon the administrative record finds and determines that:

OLD THRIFT has insufficient cash and liquid assets convertible to cash necessary to pay the expected withdrawal demands of its depositors. OLD THRIFT has suffered significant deposit outflows, exceeding $1 billion since June 26, 2008, in part because of adverse publicity. Further, because OLD THRIFT is not well capitalized, it cannot renew its large volume of brokered deposits, which will create an additional deposit outflow. In addition, OLD THRIFT has limited and diminishing liquidity sources available to it. There has been significant disruption in the markets for the types of assets, mortgage backed securities and mortgage servicing rights, held by OLD THRIFT. Therefore, those

assets that are not already subject to liens may not be marketable or only can be sold at prices that would result in OLD THRIFT failing to meet its capital requirements. Moreover, OLD THRIFT's mortgage servicing rights are the major source of OLD THRIFT's current earnings. In addition, the consequences of OLD THRIFT's top-tier holding company's July 7, 2008 public disclosure of adverse information, and the curtailment of forward mortgage lending and resulting downsizing, place OLD THRIFT in a precarious position and OLD THRIFT has been unable to find anyone who is willing and able to invest sufficient capital to alleviate its problems.

OLD THRIFT has suffered losses amounting to approximately $842 million from the third quarter of 2007 to the first quarter of 2008 and projects to report another $354 million loss for the second quarter of 2008. ·OLD THRIFT is in an unsafe and unsound condition as a result of its severe liquidity strain, deteriorating asset quality, continuing significant negative operating earnings, and declining capital with no realistic prospects for raising capital to ensure that it can repay all of its liabilities, including deposits.

OLD THRIFT has been unsuccessful in its attempts to find investors who are willing and able to recapitalize OLD THRIFT, given OLD THRIFT's current financial condition, ongoing deposit outflows, lack of liquidity, and continued asset quality deterioration. Further, OLD THRIFT projected that it would be undercapitalized as of June 30, 2008. In addition to other asset write-down's which OLD Thrift should be taking, OLD THRIFT is likely to be unable to meet its depositors' demands and other obligations in the normal course of business, and therefore, OLD THRIFT should immediately recognize additional losses on assets held for sale. The losses OLD THRIFT should recognize will result in OLD THRIFT being classified as undercapitalized. Moreover, because efforts to raise capital have proven unsuccessful, there is no reasonable prospect of OLD THRIFT becoming adequately capitalized without Federal assistance.

Therefore, the Director, or his designee, has concluded that:

(a) OLD THRIFT is likely to be unable to pay its obligations or meet its depositors' demands in the normal course of business because it does not have sufficient liquid assets to fund expected withdrawals;

(b) OLD THRIFT is in an unsafe and unsound condition to transact business due to its lack of capital and its illiquid condition;

(c) OLD THRIFT is undercapitalized as defined in section 38(b) of the FDIA, and has no reasonable prospect of becoming adequately capitalized as defined in section 38(b) of the FDIA.

The Director, or his designee, therefore, has determined that grounds for the appointment of a receiver for OLD THRIFT exist under section 5(d)(2) of the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1464(d)(2) and section 11(c)(5) of the FDIA, 12 U.S.C. § 1821(c)(5).

### TRANSFER INTO A NEW FEDERAL CHARTER: GROUNDS FOR ISSUANCE OF NEW FEDERAL CHARTER AND APPROVAL OF TRANSFER OF ASSETS AND LIABILITIES OF OLD THRIFT TO NEW THRIFT

The FDIC, as receiver of OLD THRIFT, has applied for authority to organize a new Federal mutual savings association, NEW THRIFT, that is to take over such assets and such liabilities of OLD THRIFT as the FDIC has determined to be appropriate, pursuant to section 11(d)(2)(F)(i) of the FDIA, 12 U.S.C. §1821(d)(2)(F)(i).  The FDIC would insure the accounts of NEW THRIFT.

The Director, or his designee:  (i) has considered the factors set forth in section 5(e) of HOLA, 12 U.S.C. § 1464(e), with regard to granting a new federal savings association charter, has determined that the charter should be issued, that NEW THRIFT is authorized to transact business as a savings association, and that the charter and bylaws to be issued for NEW THRIFT are in a form consistent with the material provisions of the applicable regulations; and  (ii) has considered the factors set forth in section 18(c) of the FDIA, 12 U.S.C. § 1828(c), and 12 C.F.R. § 563.22 with respect to the acquisition of certain assets and assumption of certain liabilities of OLD THRIFT by NEW THRIFT.  Immediate action is necessary given the seriously adverse financial condition of OLD THRIFT and in order to permit NEW THRIFT to acquire certain assets and assume certain liabilities of OLD THRIFT and continue to serve OLD THRIFT's community and customers.

For the foregoing reasons, the Director, or his designee, has determined that, pursuant to 12 C.F.R. §§ 563.22 (e) and 543.7-1, public notice of the APPLICATIONS shall not be required.  In addition, the Director, or his designee, finds that OTS must act immediately in order to prevent the probable default of OLD THRIFT.  Therefore, the publication of notice required by section 18(c)(3) of the FDIA, the reports on the competitive factors of the acquisition required by section 18(c)(4) of the FDIA, and the delayed consummation required by section 18(c)(6) of the FDIA, shall be dispensed with.  Accordingly, NEW THRIFT may immediately acquire the assets and assume the liabilities determined to be appropriate by the FDIC.

### CONSERVATORSHIP:

### GROUNDS FOR APPOINTMENT OF FDIC AS CONSERVATOR FOR NEW THRIFT

The FDIC has indicated that, immediately upon the completion of the organization of NEW THRIFT (which will be federally chartered) and completion of the transfer of the aforesaid assets and liabilities of OLD THRIFT to NEW THRIFT, it will, in the exercise of its authority to act as the board of directors of NEW THRIFT pursuant to section 11(d)(2)(B) of the FDIA, 12 U.S.C. § 1821(d)(2)(B), consent to the OTS

appointing the FDIC as conservator for NEW THRIFT. Moreover, NEW THRIFT will have virtually the same capital and liquidity as OLD THRIFT had immediately prior to the appointment of a receiver for OLD THRIFT and, therefore, the grounds set forth in Section I above for appointment of the receiver for OLD THRIFT, are also applicable as grounds for the appointment of a conservator for NEW THRIFT.

## II. ACTIONS ORDERED OR APPROVED:

### APPOINTMENT OF A RECEIVER

The Director, or his designee, hereby appoints the FDIC as receiver for OLD THRIFT, for the purpose of liquidation, pursuant to section 5(d)(2) of HOLA, 12 U.S.C. §1464(d)(2), and section 11(c)(6)(B) of the FDIA, 12 U.S.C. § 1821(c)(6)(B).

### ISSUANCE OF A FEDERAL CHARTER AND
### APPROVAL OF THE PASS-THROUGH OF ASSETS AND LIABILITIES

The Director, or his designee, hereby approves: (1) the application of the FDIC to organize NEW THRIFT as a federal mutual savings association (and hereby authorizes the issuance of an appropriate charter and bylaws for NEW THRIFT in form and content approved by the Chief Counsel's Office); (2) the transfer of such assets and liabilities of OLD THRIFT to its successor, NEW THRIFT, as the FDIC has determined to be appropriate; and (3) the retention of the home and branch offices of OLD THRIFT by its successor, NEW THRIFT. Prior to the appointment or election of a board of directors for NEW THRIFT, the FDIC may, in addition to any other powers granted by applicable law, exercise the powers of the board of directors pursuant to section 11(d)(2)(B) of the FDIA, 12 U.S.C. § 1821(d)(2)(B).

### APPOINTMENT OF A CONSERVATOR
### FOR NEW THRIFT

The Director, or his designee, hereby appoints the FDIC as conservator for NEW THRIFT pursuant to sections 5(d)(2)(A) and (E) of the HOLA, 12 U.S.C. §§ 1464(d)(2)(A), 1464(d)(2)(E), effective upon receipt of the consent of NEW THRIFT to such appointment. That consent must be contained in a resolution of its board of directors issued by the FDIC in exercise of its power, as the organizer of NEW THRIFT, to act as its interim board of directors pursuant to section 11(d)(2)(B) of the FDIA, 12 U.S.C. § 1821(d)(2)(B).

5          OTS ORDER No.: 2008-24

## DELEGATION OF AUTHORITY TO ACT FOR OTS

The Director, or his designee, hereby authorizes the OTS West Region Director, or his designee, and the Deputy Chief Counsel for the Business Transactions Division of the Chief Counsel's office, or his designee, to: (1) certify orders; (2) sign, execute, attest or certify other documents of OTS issued or authorized by this Order; (3) designate the person or entity that will give notice of the appointment of a receiver for OLD THRIFT and serve OLD THRIFT with a copy of this Order pursuant to 12 C.F.R. § 558.2; (4) designate the person or entity that will give notice of the appointment of a conservator for NEW THRIFT and serve NEW THRIFT with a copy of this Order pursuant to 12 C.F.R. § 558.2; and (5) perform such other functions of OTS necessary or appropriate for implementation of this Order. All documents to be issued under the authority of this Order must be first approved, in form and content, by the Chief Counsel's Office. In addition, the Director, or his designee, hereby authorizes the Deputy Chief Counsel for the Business Transactions Division of the Chief Counsel's office, or his designee, to make any subsequent technical corrections, that might be necessary, to this Order or any documents issued under the authority of this Order.

By Order of the Director of OTS, effective July _11_, 2008.

John M. Reich
Director

**EXHIBIT B**

The Honorable Catherine Shaffer

1   Jennifer Tait
2   Robinson Tait, P.S.
    710 Second Avenue, Suite 710
3   Seattle WA 98104
    (206) 676-9640
4

**RECEIVED**

JAN 2 2 2009

FOSTER PEPPER PLLC

5

6

7               SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8

9   KRISTIN BAIN

10          Plaintiff,                          NO.    08-2-43438-9-SEA

11      v.                                      NOTICE OF APPEARANCE

12  METROPOLITAN   MORTGAGE   GROUP,
    INC.; INDYMAC BANK, FSB; MORTGAGE
13  ELECTRONIC REGISTRATION SYSTEMS;
14  REGIONAL     TRUSTEE     SERVICE;
    FIDELITY  NATIONAL  TITLE;  and  Doe
15  Defendants 1 through 20, inclusive,

16          Defendants.

17

18  TO:   CLERK OF THE COURT;
19        MELISSA HUELSMAN, Attorney for the Plaintiff; and
          DOULAS L. DAVIES, Attorney for the Defendant, IndyMac Bank, FSB;
20

21      PLEASE TAKE NOTICE that Jennifer Tait, of Robinson Tait, P.S., hereby appears in the

22  above entitled action as attorney for Regional Trustee Services Corporation, defendant, without

23  waiving the defenses of:

24
        1.      Lack of Jurisdiction over the Subject Matter;
25      2.      Lack of Jurisdiction over the Person;
        3.      Improper Venue;
26      4.      Insufficiency of Process;
        5.      Insufficiency of Service of Process;
27      6.      Failure to State a Claim upon which Relief may be Granted;

28

NOTICE OF APPEARANCE - 1
60184-0085-JUD-1\Notice of Appearance.doc

7.  Failure to Join a Party Under CR 19; and
8.  Requirement to arbitrate disputes.

PLEASE ALSO TAKE NOTICE that all further papers and pleadings, except original process, should be served upon the undersigned at the address shown below.

DATED this 19 day of January, 2009.

_Jennifer Tait_ (signature)

Jennifer Tait, WSB #29475
Robinson Tait, P.S.
710 Second Avenue, Suite 710
Seattle, WA 98104
Telephone:  (206) 676-9640
Facsimile:  (206) 676-9659
Attorneys for Regional Trustee Services Corporation

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF APPEARANCE - 2
60184-0085-JUD-1\Notice of Appearance.doc

1                                              The Honorable Catherine Shaffer

2

3

4

5

6                        KING COUNTY SUPERIOR COURT
                       IN AND FOR THE COUNTY OF KING

7

8    KRISTIN BAIN,

9                     Plaintiff,      No. 08-2-43438-9 SEA

10                              NOTICE OF APPEARANCE
       v.

11

12    METROPOLITAN MORTGAGE GROUP,
     INC., INDYMAC BANK, FSB; MORTGAGE
     ELECTRONIC REGISTRATION SYSTEMS;
13    REGIONAL TRUSTEE SERVICE; FIDELITY
     NATIONAL TITLE; and Doe Defendants 1
14    through 20, inclusive,

15                     Defendants.

16

17

18   TO:        THE CLERK OF THE ABOVE COURT;

19   AND TO:     ALL PARTIES AND THEIR COUNSEL OF RECORD

20

21       This is notice that Defendants INDYMAC BANK, FSB and MORTGAGE

22   ELECTRONIC REGISTRATION SYSTEMS appear in this lawsuit by the undersigned

23   attorneys and request that service of all papers and pleadings in this lawsuit, exclusive of

24

25

26

NOTICE OF APPEARANCE - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

**FILE COPY**

50962656.1

1  process, be made upon the undersigned attorneys at the address stated below.  This Appearance

2  is entered without waiver of any rights or defenses whatsoever.

3        DATED this 21st day of January, 2009.

4                            FOSTER PEPPER PLLC

5

6

7                            Douglas L. Davies, WSBA #16750
                          Laura Marquez-Garrett, WSBA 41010

8                            **Attorneys for Defendants Indymac Bank,**

9                            **FSB and Mortgage Electronic Registration**
                          **Systems**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF APPEARANCE - 2

50962656.1

1

2

3

4

5

6

7

KING COUNTY SUPERIOR COURT
IN AND FOR THE COUNTY OF KING

8

KRISTIN BAIN,

9

Plaintiff,

The Honorable Catherine Shaffer

10

v.

No. 08-2-43438-9 SEA

11

METROPOLITAN MORTGAGE GROUP,

DECLARATION OF SERVICE

12

INC., INDYMAC BANK, FSB; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS;

13

REGIONAL TRUSTEE SERVICE; FIDELITY
NATIONAL TITLE; and Doe Defendants 1

14

through 20, inclusive,

15

Defendants.

16

17

    The undersigned certifies under penalty of perjury under the laws of the State of

18

Washington that I am now and at all times herein mentioned, a resident of the State of

19

Washington, over the age of eighteen years, not a party to or interested in the above-entitled

20

action, and competent to be a witness herein.

21

22

    On the date given below I caused to be served in the manner noted copies of the

23

following upon designated counsel:

24

    1. Notice of Appearance; and

25

    2. Declaration of Service.

26

DECLARATION OF SERVICE - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

FILE COPY

50962730.1

1

**Attorney for Plaintiff**

2

3

Melissa A. Huelsman
705 2nd Avenue, Suite 501
Seattle, WA 98104-1715

4

☐ Via U.S. Mail
☐ Via Facsimile
☑ Via Messenger
☐ Via Email

5

I declare under penalty of perjury under the laws of the state of Washington that the

6

foregoing is true and correct.

7

Executed at Seattle, Washington, this 22nd day of January, 2009.

8

9

10

Leah Tarabochia

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF SERVICE - 2

50962730.1

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

KRISTIN BAIN,

                Plaintiff,

       v.

METROPOLITAN MORTGAGE GROUP,
INC.; INDYMAC BANK, FSB; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS;
REGIONAL TRUSTEE SERVICE;
FIDELITY NATIONAL TITLE; and Doe
Defendants 1 through 20, inclusive,

                Defendants.

Case No.  08-2-43438-9 SEA

[PROPOSED] ORDER GRANTING
PLAINTIFF'S REQUEST FOR
TEMPORARY RESTRAINING ORDER

The above-entitled Court, having heard a motion for Temporary Restraining Order brought by

Plaintiff seeking to restrain the foreclosure of real property located at: 15340 MacAdam Road

South, Unit #B105, Seattle, Washington; Legal Description: Unit B-105, Building B, The

Peaks at Tukwila Condominium, a condominium, according to Declaration thereof recorded

under King County Recording No. 9706031404, and Amendment(s) thereto; said unit is located

on survey map and plans filed in Volume 139 of condominiums, at Pages 96 through 102,

records of King County, Washington; (TAX PARCEL ID NO.: 669850-0130-06).

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103

IT IS HEREBY ORDERED that the foreclosure sales currently scheduled for December 26, 2008 at 10:00 a.m. in King County, Washington, which was commenced by the Defendant Regional Trustee Services Corporation, is enjoined until further order of this Court.

IT IS FURTHER ORDERED that hearing on Plaintiff's Motion for Preliminary Injunction is hereby set for hearing on January 13, 2009 at 8:30 p.m. in the courtroom of Judge Shaffer

1.      The Court is issuing this temporary restraining order because of the irreparable harm which will be suffered by Ms. Bain is he is not afforded an opportunity for a hearing.


DONE IN OPEN COURT

December 2̲3̲, 2008.

Judge/Commissioner

Presented by:

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.

Dr Melissa
A. Huelsm

Melissa A. Huelsman, WSBA No. 30935

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

*1009545276. -FC*

RECEIVED BY
LEGAL DEPARTMENT

JAN 07 2009
MERS

MERS-RECEIVED BY
PROCESS SERVER

JAN - 5 2009

SIGNED FOR BY

09006 02320



Best Available Copy

### IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
### FOR THE COUNTY OF KING

KRISTIN BAIN,

            Plaintiff,

    v.

METROPOLITAN MORTGAGE GROUP,
INC.; INDYMAC BANK, FSB; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS;
REGIONAL TRUSTEE SERVICE; FIDELITY
NATIONAL TITLE; and Doe Defendants 1
through 20, inclusive,

            Defendants.

NO. 08-2-43438-9 SEA

NOTICE FOR HEARING
SEATTLE COURTHOUSE ONLY
(Clerk's Action Required ) (NTHG)

TO:    THE CLERK OF THE COURT and to all other parties listed on Page 2:
        PLEASE TAKE NOTICE that an issue of law in this case will be heard on the date below and the
        Clerk is directed to note this issue on the calendar checked below.

Calendar Date:__ January 13, 2009_____ Day of Week: Tuesday_____

Nature of Motion:__ Motion for Preliminary Injunction

| CASES ASSIGNED TO INDIVIDUAL JUDGES – Seattle |
| --- |
| If oral argument on the motion is allowed (LR 7(b)(2)), contact staff of assigned judge to schedule date and time before filing this notice. Working Papers: The *Judge's name*, date and time of hearing *must* be noted in the upper right corner of the Judge's copy.  *Deliver Judge's copies to Judges' Mailroom at C203.* |

[ ] Without oral argument (Mon - Fri)    [X] With oral argument Hearing
Date/Time:__ January 13, 2009 at 8:30
am_____ 6/14/2010 -
Judge's Name:__ Shaffer_____ Trial Date:_____

| CHIEF CRIMINAL DEPARTMENT - Seattle in E1201 |
| --- |
| [ ] Bond Forfeiture  3:15 pm, 2nd Thur of each month |
| [ ] Certificates of Rehabilitation- Weapon Possession (Convictions from Limited Jurisdiction Courts):30 First Tues of each month |

NOTICE FOR HEARING - Seattle Courthouse Only        Page 1
KCSEA031407
www.metrokc.gov/kcscc/forms.htm

THIS IS ONLY A PARTIAL SUMMARY OF THE LOCAL RULES AND ALL PARTIES ARE ADVISED TO CONSULT WITH AN ATTORNEY.

The SEATTLE COURTHOUSE is in Seattle, Washington at 516 Third Avenue. The Clerk's Office is on the sixth floor, room E609. The Judges' Mailroom is Room C203.

**CHIEF CIVIL DEPARTMENT -- Seattle -- (Please report to W1060 for assignment)**
*Deliver working copies to Judges' Mailroom, Room C203.  In upper right corner of papers write "Chief Civil Department" or judge's name and date of hearing*

| | |
|---|---|
| [ ] Extraordinary Writs (Show Cause Hearing) (LR 98.40)  1:30 p.m. Tues/Wed -report to Room W1060 | |
| [ ] Supplemental Proceedings<br>(1:30 pm Tues/Wed)(LR 69) | **Non-Assigned Cases:**<br>[ ] Non-Dispositive Motions M-F (without oral argument) |
| [ ] DOL Stays 1:30 pm Tues/Wed | [ ] Dispositive Motions and Revisions (1:30 pm Tues/Wed) |
| [ ] Motions to Consolidate with multiple judges assigned<br>(without oral argument) (LR 40(a)(4)) | [ ] Certificates of Rehabilitation (Employment) 1:30 pm<br>Tues/Wed (LR 40(2)(B)) |

You may list an address that is not your residential address where you agree to accept legal documents.

Sign:_____  Print/Type Name: __Melissa A. Huelsman _____

WSBA # _30935_____ (if attorney)  Attorney for: __Plaintiff_____

Address: _705 Second Avenue, Suite 501_____ City, State, Zip _Seattle, WA 98104_

Telephone: _206-447-0103_____ Date: _12/23/08_____

## DO NOT USE THIS FORM FOR FAMILY LAW, EX PARTE OR RALJ MOTIONS.

**LIST NAMES AND SERVICE ADDRESSES FOR ALL NECESSARY PARTIES REQUIRING NOTICE**

_Name: Regional Trustee Corporation

Service Address: 616 1st Avenue Ste 500

City, Seattle WA, 98104
WSBA#_____ Atty For:_
Telephone #: 206-748-5682

## IMPORTANT NOTICE REGARDING CASES

Party requesting hearing must file motion & affidavit separately along with this notice.  List the names, addresses and telephone numbers of all parties requiring notice (including GAL) on this page.  Serve a copy of this notice, with motion documents, on all parties.

The original must be filed at the Clerk's Office not less than six court days prior to requested hearing date, except for Summary Judgment Motions (to be filed with Clerk 28 days in advance).

1009 545276 -FC

1

2                                                 Judge Catherine Shaffer
                                         Motion: January 13, 2009
                                             At 8:30 am W/O

3

4

5

6

7

8

**IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

9

10

11

KRISTIN BAIN,

                     Plaintiff,

    v.

METROPOLITAN MORTGAGE GROUP,
INC.; INDYMAC BANK, FSB; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS;
FIDELITY NATIONAL TITLE; and Doe
Defendants 1 through 20, inclusive,

               Defendants.

Case No. 08-2-43438-9 SEA

**MOTION FOR TEMPORARY
RESTRAINING ORDER AND/OR
PRELIMINARY INJUNCTION TO
RESTRAIN TRUSTEE SALE**

**I. RELIEF REQUESTED**

COMES NOW Plaintiff Kristin Bain to move this Court for a temporary restraining

order and following a hearing set at a future date, a preliminary injunction restraining the

foreclosing trustee Defendant Regional Trustee Services Corporation from completing the

Trustee's Sale which is scheduled to take place on December 26, 2008 regarding real property

located at 15340 MacAdam Road South, Unit #B105, Seattle, Washington; Legal Description:

Unit B-105, Building B, The Peaks at Tukwila Condominium, a condominium, according to

Declaration thereof recorded under King County Recording No. 9706031404, and

Amendment(s) thereto; said unit is located on survey map and plans filed in Volume 139 of

MOTION FOR TRO AND/OR
PRELIMINARY INJUNCTION - 1

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104

condominiums, at Pages 96 through 102, records of King County, Washington; (TAX
PARCEL ID NO.: 669850-0130-06).

## II. FACTS

Plaintiff Kristin Bain is a young woman who has severe ADD, which involves a difficulty understanding documents, especially voluminous documents such as mortgage loan documents. Ms. Bain is able to live independently, but she also receives significant assistance from her parents. Ms. Bain works, but she also has access to some trust funds for specific purposes. In late 2006 and early 2007, Ms. Bain was interested in purchasing a home of her own and sought assistance from a realtor for that purpose. Ms. Bain became interested in a property located in Everett and made an offer on the house. Ms. Bain was referred to the mortgage broker, Defendant Metropolitan, by her realtor. Ms. Bain was working with a loan originator named Korey Pisha.

Ms. Bain's mother, Christine, called Mr. Pisha in early February 2007 to explain to him about her special needs and to indicate that she would have difficulty in understanding loan documents herself. Christine provided Mr. Pisha with her telephone number and that of Ms. Bain's father so that they could assist in the process and one of them could accompany her to the loan signing. Christine also advised Mr. Pisha that Ms. Bain could not afford more than $1,200.00 per month for a mortgage payment and that if money was needed from her trust account to help with a down payment that would assure an affordable monthly payment, Mr. Pisha should contact Christine at least 10 days in advance to make those arrangements. Mr. Pisha told Christine that he would contact her when the loan documents were ready for signing so that a family member could accompany Ms. Bain. Mr. Pisha never made that call and did not advise that Ms. Bain was going to sign the loan documents.

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104

1    Ms. Bain went to the loan signing at the offices of the escrow agent unaccompanied

2  early in March 2007. Ms. Bain did not receive the initial disclosures which she was supposed

3  to receive from Defendant Metropolitan when she made application for the loan, nor did she

4
   receive an initial Good Faith Estimate ("GFE") and other disclosure documents required by the
5
   Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"). Ms. Bain did not receive these
6
7  disclosures either from Defendant IndyMac. Therefore, Ms. Bain did not have any idea what

8  the terms of the loan was when she went to the signing. Ms. Bain did receive copies of the loan

9  documents at the loan signing, but she did not realize that her mortgage payments would be

10  more than $1,700.00 per month! Ms. Bain's loan application contained completely false

11  information regarding her monthly income. Ms. Bain works as a customer service

12
    representative for Cingular, which is not a high paying job. Nevertheless, Mr. Pisha reported
13
14  her monthly income on the loan application as $3,200.00 per month! Further, there was

15  information on the loan application regarding Ms. Bain's trust fund and the form indicates that

16  she receives monthly income from the trust fund. This is not true as Ms. Bain does not receive

17  monthly income. Notably, of course, Ms. Bain was not provided with the opportunity to pay

18  down the price of the condominium nor to decrease the costs of or interest rate on the loan by

19
    withdrawing funds from the trust fund even after her parents' request to Mr. Pisha as a
20
    representative of Defendant Metropolitan.
21
22    Ms. Bain has struggled to make the mortgage payments since she purchased the

23  condominium because they exceeded her ability to pay. Finally in 2008, the payments became

24  too much for Ms. Bain and she received a Notice of Default. When Ms. Bain could not cure

25  the default on the mortgage, she received a Notice of Trustee's Sale from Defendant Regional

26  Trustee indicating that the foreclosure sale of her home was scheduled for December 26, 2008.

27

MOTION FOR TRO AND/OR
PRELIMINARY INJUNCTION - 3

1   The NOTS indicates that Defendant Regional Trustee is foreclosing under the Deed of

2   Trust on the first mortgage loan on behalf of the beneficiary. Even though the loan was

3   actually made by Defendant IndyMac, it apparently is taking the position that Defendant MERS

4   was the original beneficiary, which is a completely false assertion. Defendant MERS never had

5   any beneficial interest in Ms. Bain's loan. Nevertheless, a person named Bethany Hood signed

6   an Assignment of Deed of Trust document as an alleged Vice President of Defendant MERS

7   "as nominee for its successors and assigns". See, Declaration of Melissa A. Huelsman filed

8   concurrently herewith. Ms. Hood signed the document in Dakota County, Minnesota, even

9   though neither Defendant MERS nor Defendant IndyMac is located or has offices in

10   Minnesota. In fact, the document itself indicates that once it is recorded, it is to be returned to

11   Defendant IndyMac in Austin, Texas. Id. This Assignment asserts that Defendant MERS is

12   assigning Ms. Bain's loan to Defendant IndyMac – the original lender! Further, the

13   Assignment was allegedly signed on September 3, 2008. Id. The Assignment was recorded in

14   the records of King County, Washington on September 9, 2008 at 13:51 under Document

15   Number 20080909001149. In spite of the fact that the purported Assignment did not occur

16   until at least September 9, 2008, a Christina Allen, an alleged Assistant Vice President of

17   Defendant IndyMac signed an Appointment of Successor Trustee document on August 26,

18   2008, also in Dakota County, Minnesota, purporting to appointment Defendant Regional

19   Trustee as the trustee under the Deed of Trust. Id. Next to Ms. Allen's signature dated August

20   26, 2008, there is a handwritten notation that the Appointment is "effective 9/3/08"; however,

21   the Appointment document was not recorded until September 9, 2008 at 13:51 under Document

22   Number 20080909001150 – the next recording number after the Assignment. Id. Therefore,

23   Defendant IndyMac "pre-signed" the Appointment document before it allegedly acquired its

24

25

26

27

MOTION FOR TRO AND/OR
PRELIMINARY INJUNCTION - 4

1  interest in the Deed of Trust.  In addition, Ms. Hood asserts, based upon information and belief,

2  that Ms. Hood is not a Vice President of Defendant MERS and Ms. Allen is not an Assistant

3  Vice President of Defendant IndyMac.  In fact, Ms. Hood and Ms. Allen are not employees of

4  either company but rather are employees of Defendant Fidelity National Title who are actively

5  participating in fraudulently executing documents in connection with this foreclosure sale by

6  making false representations regarding their authority and employment capacity.  Since it is

7  unclear as to whether anyone had the authority to appoint Defendant Regional Trustee as the

8  foreclosing trustee, there is a question about whether it had the authority to sign the NOTS and

9  note the foreclosure sale.

10

11                              **III.  ISSUES PRESENTED**

12      Under RCW 7.40.020 and RCW 61.24, *et seq.*, is Ms. Bain entitled to a preliminary

13  injunction or temporary restraining order when: (1) she did not receive the correct notices as

14  required by TILA; and (2) the trustee which is conducting the sale has not been properly

15  authorized to act as a trustee under the laws of the State of Washington because it was not

16  appointed by the correct entity, the actual beneficiary under the subject Deed of Trust?

17

18                             **IV. EVIDENCE RELIED UPON**

19      This motion is based on the moving papers, Declarations of Kristin Bain and Christine

20  Scheall, filed in support of this Motion, and the Declaration of Melissa A. Huelsman, filed in

21  support of this Motion, as well as the pleadings and documents on filed herein.

22

23                                  **V.  ARGUMENT**

24      Under RCW 7.40.020,

25          "When it appears by the complaint that the plaintiff is entitled to
           the relief demanded and the relief…consists in restraining the
26          commission or continuance of some act, the commission or

27

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104

1  continuance of which during the litigation would produce great
2  injury to the plaintiff...an injunction may be granted to restrain
   such act or proceedings until the further order of the court, which
3  may afterwards be dissolved or modified upon motion."

4  RCW 7.40.020. The Washington Supreme Court first addressed issuance of a preliminary

5  injunction in *State ex rel. Miller v. Lichtenberg*, 4 Wn. 407, 411 (1892), and later clarified its

6  position in *Blanchard v. Golden Age Brewing Co.*, 188 Wn. 396, 415 (1936). The *Blanchard*

7  Court held that, "[T]he object and purpose [of a preliminary injunction] is to preserve and keep

8  things in *statu quo* until otherwise ordered and to restrain an act which, if done, would be

9  contrary to equity and good conscience." The Court provided further clarification in *Isthmian*

10 *Steamship Co. v. National Marine Engineers' Beneficial Assoc.*, 41 Wn.2d 106, 117 (1952),

11 holding that the moving party must show a "clear legal or equitable right and a well grounded

12 fear of immediate invasion of that right." This standard was reaffirmed in *Tyler Pipe*

13 *Industries, Inc. v. Dept. of Revenue*, 96 Wn.2d 785 (1982) and *Washington Federation of State*

14 *Emp. v. State*, 99 Wn.2d 878 (1983). Thus, in order to obtain an injunction, a plaintiff must

15 show that: (1) he has a clear legal or equitable right; (2) that he has a well-grounded fear of

16 immediate invasion of that right, and (3) that the acts complained of are either resulting in or

17 will result in actual and substantial injury to him. *Kucera v. State, Dept. of Transportation*,

18 140 Wn.2d 200, 209, 995 P.2d 63 (2000). Such criteria is evaluated by balancing the relative

19 interests of the parties, and if appropriate, the interests of the public. *Id.* Ultimately, the

20 decision to grant a preliminary injunction is within the sound discretion of the trial court, with

21 such discretion to be exercised according to the circumstances of each particular case.

22 *Washington Fed'n of State Employees v. State*, 99 Wn.2d 878, 887 (1983) (citations omitted).

23 Here, Ms. Bain is entitled to receive an order temporarily restraining the completion of the

MOTION FOR TRO AND/OR
PRELIMINARY INJUNCTION - 6

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104

1   foreclosure sale commenced by the foreclosing trustee because the trustee lacks authority to

2   conduct the sale in for multiple reasons. Ms. Bain is likely to prevail upon the merits, as

3   outlined above in the Factual portion of this Motion, which is supported by the evidence

4   presented through his Declaration.

5

6   I.      Ms. Bain is Likely To Prevail on The Merits of This Case and Thus Has
        Established a Clear Legal Right to the Properties.

7          In order to determine whether a party has a clear legal or equitable right, the Court must

8   analyze the moving party's likelihood of prevailing on the merits. *Washington Fed'n of State*

9   *Employees*, 99 Wn.2d at 888 (*citing Tyler Pipe Indus. v. Department of Revenue*, 96 Wn.2d

10  785, 793 (1982)). For the reasons discussed below, Plaintiffs are likely to prevail on each of

11  their claims in this action, and thus has established a clear legal right.

12

13         A.     Ms. Bain is likely to prevail on his Consumer Protection Act claim.

14         A plaintiff who alleges a violation of the Washington Consumer Protection Act must

15  prove five elements: "(1) an unfair or deceptive act or practice; (2) occurring in trade or

16  commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property;

17  (5) causation." *Hangman Ridge Training Stables v. Safeco Title Ins. Co*, 105 Wn.2d 778, 780,

18  (1986). The Defendants have committed numerous unfair and deceptive acts and practices, as

19  described in great detail in the Facts portion of this Motion. Given the complete and utter

20  disregard that the Defendants have shown for complying with the law in this case, it is very

21  likely that Ms. Bain will be able to demonstrate to a trier of fact that this is part of a pattern and

22  practice and very likely to be repeated.

23

24  //

25  //

26

27

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104

1   **B.    Ms. Bain is likely to prevail on his infliction of emotional distress claim.**

2      "The tort of outrage[1] requires the proof of three elements:  (1) extreme and outrageous

3   conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to

4   plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 149 Wn.2d 192, 195 (2003) (citation

5   omitted).  "Any claim for intentional infliction of emotional distress must be predicated on

6   behavior so outrageous in character, and so extreme in degree, as to go beyond all possible

7   bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

8   community." *Id.* at 196 (citations omitted).  Here, Ms. Bain is faced with the potential loss of

9   her home because of the intentional acts of the Defendants herein.  Defendant IndyMac is

10   attempting to utilize the services of a foreclosing trustee which has not been properly appointed

11   as a trustee under this Deed of Trust by the actual beneficiary.

12

13   **C.    Ms. Bain is Likely to Prevail Upon His Wrongful Foreclosure and Breach of**

14   **Fiduciary Duty and/or Quasi-Fiduciary Duty Claims.**

15      The Defendants herein were required to comply with the terms of the Deed of Trust

16   contract entered into between themselves and/or the persons or entities on whose behalf they

17   were acting.  The Defendants were also required not to breach their fiduciary and/or quasi-

18   fiduciary duties to Ms. Bain by wrongfully and illegally attempting to conduct an improper

19   foreclosure sale.  The Defendants did violate the DTA, codified at RCW 61.24, *et al.*, by not

20   complying with that statute in the conduct of the foreclosure sale, as more particularly

21   described above.  Also as noted above, the Defendants have caused false and misleading

22   documents to be recorded in the records of King County, Washington with the express purpose

23   of misleading Ms. Bain and others regarding ownership of the mortgage loan and the correct

24

25

26

27

MOTION FOR TRO AND/OR
PRELIMINARY INJUNCTION - 8

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104

1  trustee. Ms. Bain has established that she is likely to prevail on her claims asserting that the

2  trustee's sale was invalid the trustee has absolutely no standing whatsoever to prosecute this

3  case. Washington courts have held that where a trustee has breached its fiduciary duty to the

4  grantor, the subsequent trustee's sale is void. *See Cox v. Helenius*, 103 Wn.2d 383, 388-89

5  (1985). The same result may be achieved if the foreclosing lender provided the foreclosing

6  trustee with false and misleading information in support of the request to conduct a foreclosure

7

8  sale.

9  ## VI. CONCLUSION

10  Based on the foregoing, Ms. Bain hereby requests that this Court enter an order

11  temporarily restraining Defendants IndyMac and Regional Trustee Services Corporation from

12  completing the foreclosure of the property located at 15340 MacAdam Road South, Unit

13  #B105, Seattle, Washington; Legal Description: Unit B-105, Building B, The Peaks at Tukwila

14  Condominium, a condominium, according to Declaration thereof recorded under King County

15  Recording No. 9706031404, and Amendment(s) thereto; said unit is located on survey map and

16

17  plans filed in Volume 139 of condominiums, at Pages 96 through 102, records of King County,

18  Washington; (TAX PARCEL ID NO.: 669850-0130-06).

19  //

20  //

21  //

22  //

23  //

24  //

25

26  [1] "'Outrage' and 'intentional infliction of emotional distress' are synonyms for the same tort." Kloepfel v. Bokor, 149 Wn.2d 192, 194 n.1, 66 P.3d 630 (2003) (citation omitted)

27

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104

1    Further, Ms. Bain requests that this Court set a hearing for his request for a preliminary

2    injunction.

3        DATED this 23rd day of December, 2008.

4

5                                Law Offices of Melissa A. Huelsman, P.S.

6

7                                _____
                                 Melissa A. Huelsman, WSBA #30935
8                                Attorney for Plaintiff Kristin Bain

9                                Per Melissa Huelsman
                                      Authority
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TEL ⬛⬛⬛⬛⬛⬛ (206) 447-0103

1

2

## CERTIFICATE OF SERVICE

3  I declare under penalty of perjury of laws of the state of Washington that on December 23,

4  2008, I caused to be served in the manner indicated below a true and accurate copy of the
foregoing document upon the following:

5

6

7  Monique Lefebvre

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MOTION FOR TRO AND/OR
PRELIMINARY INJUNCTION - 11

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 447-0103

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Judge Catherine Shaffer
Motion: January 13, 2009
At 8:30 am W/O

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR THE COUNTY OF KING

KRISTIN BAIN,

                          Plaintiff,

    v.

METROPOLITAN MORTGAGE GROUP,
INC.; INDYMAC BANK, FSB; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS;
FIDELITY NATIONAL TITLE; and Doe
Defendants 1 through 20, inclusive,

                          Defendants.

Case No. 08-2-43438-9 SEA

DECLARATION OF MELISSA A.
HUELSMAN IN SUPPORT OF
MOTION FOR TEMPORARY
RESTRAINING ORDER AND/OR
PRELIMINARY INJUNCTION TO
RESTRAIN TRUSTEE SALE

I, Melissa A. Huelsman, hereby declare:

    1.    I am the attorney for the Plaintiff herein.  I have personal knowledge of the facts

as stated herein and if called upon to testify to the truth thereof, I could and would do so of my

own personal knowledge.

    2.    The Notice of Trustee's Sale indicates that Defendant Regional Trustee is

foreclosing under the Deed of Trust on the first mortgage loan on behalf of the beneficiary.

Even though the loan was actually made by Defendant IndyMac, it apparently is taking the

position that Defendant MERS was the original beneficiary, which is a completely false

assertion.  Defendant MERS never had any beneficial interest in Ms. Bain's loan.

Nevertheless, a person named Bethany Hood signed an Assignment of Deed of Trust document

DEC. OF MELISSA HUELSMAN IN SUPPORT OF MOTION
FOR TRO AND/OR PRELIMINARY INJUNCTION - 1

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104

1   as an alleged Vice President of Defendant MERS "as nominee for its successors and assigns".

2   A true and correct copy of the Assignment document is attached hereto as Exhibit "A".

3        3.     Ms. Hood signed the document in Dakota County, Minnesota, even though

4   neither Defendant MERS nor Defendant IndyMac is located or has offices in Minnesota. In

5

6   fact, the document itself indicates that once it is recorded, it is to be returned to Defendant

7   IndyMac in Austin, Texas. This Assignment asserts that Defendant MERS is assigning Ms.

8   Bain's loan to Defendant IndyMac – the original lender! Further, the Assignment was

9   allegedly signed on September 3, 2008. The Assignment was recorded in the records of King

10   County, Washington on September 9, 2008 at 13:51 under Document Number

11   20080909001149.

12        4.     In spite of the fact that the purported Assignment did not occur until at least

13

14   September 9, 2008, a Christina Allen, an alleged Assistant Vice President of Defendant

15   IndyMac signed an Appointment of Successor Trustee document on August 26, 2008, also in

16   Dakota County, Minnesota, purporting to appointment Defendant Regional Trustee as the

17   trustee under the Deed of Trust. Next to Ms. Allen's signature dated August 26, 2008, there is

18   a handwritten notation that the Appointment is "effective 9/3/08"; however, the Appointment

19   document was not recorded until September 9, 2008 at 13:51 under Document Number

20   20080909001150 – the next recording number after the Assignment. A copy of the

21   Appointment document is attached hereto as Exhibit "B". Therefore, Defendant IndyMac "pre-

22

23   signed" the Appointment document before it allegedly acquired its interest in the Deed of

24   Trust. In addition, Ms. Hood asserts, based upon information and belief, that Ms. Hood is not a

25   Vice President of Defendant MERS and Ms. Allen is not an Assistant Vice President of

26   Defendant IndyMac.

27

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104

1    5.      I obtained these copies by searching the records of King County, Washington

2  online on December 23, 2008.

3         This Declaration made under penalty of perjury under the laws of the State of

4  Washington this 23rd day of December 2008 at Seattle, Washington.

5

6                                    Melissa A. Huelsman
                                     Per her E-mail authorization
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEC. OF MELISSA HUELSMAN IN SUPPORT OF MOTION
FOR TRO AND/OR PRELIMINARY INJUNCTION - 3

Exhibit

A

When recorded, mail to:

INDY MAC BANK
Attn: Foreclosure Department

7700 W Parmer LANE
AUSTIN, TEXAS 78729

2008090900114 9

Trustee's Sale No: 01-FMB-62059

*FMB62059011 2000000*

FIDELITY NATIONAL TITLE

ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
AS NOMINEE FOR ITS SUCCESSORS AND ASSIGNS, by these presents, grants, bargains, sells, assigns,
transfers and sets over unto INDYMAC FEDERAL BANK, FSB, all beneficial interest under that certain Deed
of Trust dated 3/9/2007, and executed by KRISTIN BAIN A SINGLE PERSON, as Grantor, to STEWART
TITLE GUARANTY CO., as Trustee, and recorded on 3/19/2007, under Auditor's File No. 20070319001732,
of KING County, State of WASHINGTON, and covering property more fully described on said Deed of Trust
referred to herein.

Together with the Note or Notes therein described or referred to, the money due and to become due therein
with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated:

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC, AS NOMINEE FOR ITS
SUCCESSORS AND ASSIGNS

BY:

Name                          Title

1

STATE OF ~~MN~~ )
COUNTY OF ~~Dakota~~ ) ss.

On ~~5-08-3~~ before me, personally appeared, ~~Bethany Hood~~, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
NOTARY PUBLIC in and for the State of
~~MN~~, residing at ~~Reno~~
My commission expires: ~~1-31-11~~

PARIS Y. JACKSON
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2011

2                                                    Asset

Exhibit

B

When recorded, mail to:

REGIONAL TRUSTEE SERVICES CORPOR
616 1st Avenue, Suite 500
Seattle, WA 98104

Trustee's Sale No: 01-FMB-62059

**20080909001150**

FIDELITY NATIONAL TITLE

*FMB620590010000000*  2116

## APPOINTMENT OF SUCCESSOR TRUSTEE

KNOW ALL MEN BY THESE PRESENTS that, KRISTIN BAIN A SINGLE PERSON is the Grantor, and STEWART TITLE GUARANTY CO. is the Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR ITS SUCCESSORS AND ASSIGNS is the Beneficiary under that certain trust deed dated 3/9/2007, under Auditor's/Recorder's No. 20070319001732, records of KING County, WASHINGTON.

NOW, THEREFORE in view of the premises, INDYMAC FEDERAL BANK, FSB, who is the present beneficiary, hereby appoints REGIONAL TRUSTEE SERVICES CORPORATION, whose address is 616 1st Avenue, Suite 500, Seattle, WA 98104, as Successor Trustee under said trust deed, to have all the powers of said original trustee, effective as of the date of execution of this document.

IN WITNESS WHEREOF, the undersigned beneficiary has hereunto set his hand, if the undersigned is a corporation, it has caused its corporate name to be signed and affixed hereunto by its duly authorized officers.

1

Trustee's Sale No. 01-FMB-62059

DATED: 8/26/08

*Effective 9/13/08*

MOYTIANS FEDERAL BANK, FSB

Christine Allen

(Name / Title)

STATE OF _____
COUNTY OF _____ } ss.

On _____, before me, _____ personally appeared Christine Allen _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

NOTARY PUBLIC in and for the State of
_____ residing at _____
My commission expires: _____

PARIS Y. JACKSON
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2011

2

/A. Bab

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR THE COUNTY OF KING

KRISTIN BAIN,

                 Plaintiff,

v.

METROPOLITAN MORTGAGE GROUP,
INC.; INDYMAC BANK, FSB; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS;
FIDELITY NATIONAL TITLE; and Doe
Defendants 1 through 20, inclusive,

                 Defendants.

Case No.

DECLARATION OF KRISTIN BAIN IN
SUPPORT OF MOTION FOR
TEMPORARY RESTRAINING ORDER
AND/OR PRELIMINARY
INJUNCTION TO RESTRAIN
TRUSTEE SALE

I, Kristin Bain, hereby declare:

1.     I am the Plaintiff herein. I have personal knowledge of the facts as stated herein and if called upon to testify to the truth thereof, I could and would do so of my own personal knowledge.

2.     I have severe ADD, which involves a difficulty understanding documents, especially voluminous documents such as mortgage loan documents. I am able to live independently, but I also receive significant assistance from my parents. I work as a customer service representative for Starbucks, and I have limited access to some trust funds for specific purposes. In late 2006 and early 2007, I was interested in purchasing a home of my own and I sought the assistance from a realtor for that purpose. I became interested in a property located

DEC. OF KRISTIN BAIN IN SUPPORT OF MOTION FOR
TRO AND/OR PRELIMINARY INJUNCTION - 1

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

in Tukwila and made an offer on the condominium with the assistance of my realtor.  I was referred to the mortgage broker, Metropolitan Mortgage, by my realtor.  The person whom I dealt with at Metropolitan Mortgage was a loan originator named Korey Pisha.

3.   My mother, Christine, called Mr. Pisha in early February 2007 to explain to him about my special needs and to indicate that I would have difficulty in understanding loan documents myself. My mother provided Mr. Pisha with her telephone number and my father's so that they could assist in the process and one of them could accompany me to the loan signing.  My mom also advised Mr. Pisha that I could not afford more than $1,200.00 per month for a mortgage payment and that if money was needed from my trust account to help with a down payment that would assure an affordable monthly payment, Mr. Pisha should contact my mom at least 10 days in advance to make those arrangements.  Mr. Pisha told my mom that he would contact her when the loan documents were ready for signing so that a family member could accompany me to the signing.  Mr. Pisha never made that call and did not advise anyone except me when I was going to sign the loan documents.

4.   I went to the loan signing at the offices of the escrow agent unaccompanied early in March 2007.  I did not receive the initial disclosures which I was supposed to receive from Metropolitan when I made application for the loan, nor did I receive an initial Good Faith Estimate ("GFE") and other disclosure documents required by the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA").  I did not receive these disclosures either from IndyMac. Therefore, I did not have any idea what the terms of the loan was when I went to the signing.  I did receive copies of the loan documents at the loan signing, but I did not realize that my mortgage payments would be more than $1,700.00 per month!  I have looked at my loan application since it was returned to me after the signing and discovered that it contained

DEC. OF KRISTEN BAIN IN SUPPORT OF MOTION FOR
TRO AND/OR PRELIMINARY INJUNCTION - 2

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

completely fills out the application regarding my monthly income. Nevertheless, Mr. Fishe filled out

my loan application to say that I make $5,700.00 per month. The application also has

information regarding my trust fund and the form indicates that I receive monthly income from

the trust fund. I do not receive monthly income. I was not given a choice to pay down the

price of the condominium nor to decrease the cost of an interest rate on the loan by

withdrawing funds from the trust fund even after my parents' request to Mr. Fishe as a

representative of Metropolitan Mortgage.

5.     I have struggled to make the mortgage payments since I purchased the

condominium because they exceeded my ability to pay. Finally, in 2008, the payments became

too much for me and I received a Notice of Default. When I could not cure the default on the

mortgage, I received a Notice of Trustee's Sale from Regional Trustee indicating that the

foreclosure sale of my home was scheduled for December 26, 2008.

     This Declaration made under penalty of perjury under the laws of the State of

Washington this 23rd day of December 2008 at Seattle, Washington.

Best Available Copy

DEC. OF _____ IN SUPPORT OF MOTION FOR
TRO AND/OR PRELIMINARY INJUNCTION - 2

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR THE COUNTY OF KING

KRISTIN BAIN,

                  Plaintiff,

     v.

METROPOLITAN MORTGAGE GROUP,
INC.; INDYMAC BANK, FSB; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS;
FIDELITY NATIONAL TITLE; and Doe
Defendants 1 through 20, inclusive,

                  Defendants.

Case No.

DECLARATION OF CHRISTINE
SCHEALL IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING
ORDER AND/OR PRELIMINARY
INJUNCTION TO RESTRAIN
TRUSTEE SALE

I, Christine Scheall, hereby declare:

    1.    I am the mother of the Plaintiff herein.  I have personal knowledge of the facts as stated herein and if called upon to testify to the truth thereof, I could and would do so of my own personal knowledge.

    2.    My daughter has severe ADD, which involves a difficulty understanding documents, especially voluminous documents such as mortgage loan documents.  However, she is able to live independently, but she also receives significant assistance from her father and me.

    3.    I called the loan officer, Mr. Pisha, in early February 2007 to explain to him about Kristin's special needs and to indicate that she would have difficulty in understanding

DEC. OF CHRISTINE SCHEALL IN SUPPORT OF MOTION
FOR TRO AND/OR PRELIMINARY INJUNCTION - 1

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1  loan documents herself.  I provided Mr. Pisha with my telephone number and her father's

2  phone number so that we could assist in the process and one of them could accompany Kristin

3  to the loan signing.  I also advised Mr. Pisha that Kristin could not afford more than $1,200.00

4  per month for a mortgage payment and that if money was needed from her trust account to help

5  with a down payment that would assure an affordable monthly payment, Mr. Pisha should

6  contact me at least 10 days in advance to make those arrangements.  Mr. Pisha told me that he

7  would contact me when the loan documents were ready for signing so that a family member

8  could accompany Kristin to the signing.  Mr. Pisha never made that call and did not advise

9

10  anyone except Kristin to sign the loan documents.

11  This Declaration made under penalty of perjury under the laws of the State of

12  Washington this 23rd day of December 2008 at Seattle, Washington.

13

14  Christina Scheall

15

16

17

18

19

20

21

22

23

24

25

26

27

DEC. OF CHRISTINE SCHEALL IN SUPPORT OF MOTION
FOR TRO AND/OR PRELIMINARY INJUNCTION - 2

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115



## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Kristin Bain | NO. 08-2-43438-9    SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| **Plaintiff(s)** | |
| vs | |
| Metropolitan Mortgage Group, Inc, et al | ASSIGNED JUDGE  Shaffer _____ 11 |
| | FILE DATE:                  12/23/2008 |
| **Defendant(s)** | TRIAL DATE:               06/14/2010 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this Order Setting Case Schedule (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____    |    _____
          Print Name                                   Sign Name

Order Setting Civil Case Schedule (*ORSCS)                    REV. 12/08        1

Calendared ☐
Copy to Docketing ☑ 1/27/09
Date 1/21/09
Initials _____
Served on Client 1/5/09 -
Answer Due 1/31/09

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] – especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $200 must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule.  The court will review the confirmation of joinder document to determine if a hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

If you miss your scheduled Trial Date, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses. When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.*

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule if the case is subject to mandatory arbitration and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. Any party filing a Statement must pay a $220 arbitration fee. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Tue  12/23/2008 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. $220 arbitration fee must be paid | Tue  08/02/2009 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLCR 4.2(a) and Notices on Page 2]. | Tue  06/02/2009 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLCR 82(e)] | Tue  08/18/2009 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)]. | Mon  01/11/2010 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLCR 26(b)]. | Mon  02/22/2010 | |
| DEADLINE for Jury Demand [See KCLCR 38(b)(2)]. | Mon  03/08/2010 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLCR 40(d)(2)]. | Mon  03/08/2010 | * |
| DEADLINE for Discovery Cutoff [See KCLCR 37(g)]. | Mon  04/26/2010 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | Mon  05/17/2010 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)]. | Mon  05/24/2010 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)] | Mon  05/24/2010 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | Tue  06/01/2010 | |
| Joint Statement of Evidence [See KCLCR (4)(k)]. | Mon  06/07/2010 | * |
| DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon  06/07/2010 | * |
| Trial Date [See KCLCR 40]. | Mon  06/14/2010 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:  12/23/2008

PRESIDING JUDGE

Order Setting Civil Case Schedule (*ORSCS)

**IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE**

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Court website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

**B. Original documents/working copies Filing of Documents**

**All original documents must be filed with the Clerk's Office.**

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C.   Form**

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing.  Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

_____

**PRESIDING JUDGE**

*1009545276 — FC — Deutsche*

*FC sale sched. 1-23-09*

HECEIVED BY
LEGAL DEPARTMENT

JAN 07 2009

MBRS

*Im only 03/07*



09006 02321

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| KRISTIN BAIN, | ) |
| Plaintiff, | ) Case No. **08-2-43438-9 SEA** |
| v. | ) SUMMONS  MERS-RECEIVED BY |
| | ) PROCESS SERVER |
| METROPOLITAN MORTGAGE GROUP, | ) |
| INC.; INDYMAC BANK, FSB; MORTGAGE | ) JAN - 5 2009 |
| ELECTRONIC REGISTRATION SYSTEMS; | ) |
| REGIONAL TRUSTEE SERVICE; | ) SIGNED FOR BY |
| FIDELITY NATIONAL TITLE; and Doe | ) |
| Defendants 1 through 20, inclusive, | ) _____ |
| Defendants. | ) |

METROPOLITAN MORTGAGE GROUP, INC.; INDYMAC BANK, FSB; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS; REGIONAL TRUSTEE SERVICE;
FIDELITY NATIONAL TITLE; and Doe Defendants 1 through 20, inclusive,

TO THE DEFENDANTS:  A lawsuit has been started against you in the above-entitled court

by Plaintiffs Kristin Bain. Plaintiff's claim is stated in the written Complaint, a copy of which

is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating

your defense in writing, and by serving a copy upon the person signing this summons within 20

days after the service of this summons, excluding the day of service, or a default judgment may

be entered against you without notice.  A default judgment is one where plaintiff is entitled to

SUMMONS - 1

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

what has been asked for because you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiffs file this lawsuit with the Court.  If you do so, the demand must be in writing and must be served upon the person signing this summons.  Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of any attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 3̄3̄ day of December, 2008.

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.

/s Melissa A. Huelsman

Melissa A. Huelsman, WSBA #30935
Attorney for Plaintiff Kristin Bain

Per Her
Authorization

SUMMONS - 2

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

08-2-43438-9 SEA

KRISTIN BAIN,

             Plaintiff,

    v.

METROPOLITAN MORTGAGE GROUP,
INC.; INDYMAC BANK, FSB; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS;
REGIONAL TRUSTEE SERVICE; FIDELITY
NATIONAL TITLE; and Doe Defendants 1
through 20, inclusive,

             Defendants.

Case No.

COMPLAINT FOR TEMPORARY
AND PERMANENT RESTRAINING
ORDER; INFLICTION OF
EMOTIONAL DISTRESS; BREACH OF
FIDUCIARY OR QUASI-FIDUCIARY
DUTY; VIOLATIONS OF THE
CONSUMER PROTECTION ACT;
VIOLATIONS OF THE TRUTH IN
LENDING ACT, 15 U.S.C. §1601, *et seq.*

## I. PARTIES

1.1    Plaintiff, Kristin Bain, who is a resident of King County, Washington, and

pleads the following allegations, states that those allegations are true of her own knowledge,

except as to matters stated on information and belief, and as to those matters, she believes them

to be true.

1.2    Defendant Metropolitan Mortgage Group, Inc. ("Metropolitan") is a Washington

entity which is licensed by the Washington Department of Financial Institutions, but it is not

registered with the Washington Secretary of State. Further, Defendant Metropolitan conducts

business in the State of Washington by providing Washington state residents with residential

mortgage brokering services.

COMPLAINT - 1

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1.3     Defendant IndyMac Bank, FSB ("IndyMac") is a federally chartered savings bank which does business in the State of Washington by making mortgage loans which are secured by real property located in the State of Washington.

1.4     Defendant Mortgage Electronic Registration Systems ("MERS") is a corporation located in Virginia which is NOT registered or licensed to conduct business in the State of Washington. Nevertheless, MERS conducts business in the State of Washington by purporting to obtain a beneficiary interest in Deed of Trust which constitute liens on real property located in Washington.

1.5     Defendant Fidelity National Title ("Fidelity") is an unknown type of business entity which is not registered to do business in the State of Washington. It appears that Defendant Fidelity is involved in this transaction by acting as an agent for Defendants IndyMac and/or MERS.

1.6     Defendant Regional Trustee Service Corporation ("Regional Trustee") is a Washington corporation which conducts business in the State of Washington by acting as a trustee for beneficiaries under Deeds of Trust recorded in the records of counties in the State of Washington. Defendant Regional Trustee is representing that it has the authority to conduct a foreclosure sale on behalf of Defendants IndyMac and MERS and to transfer title to Ms. Bains's home based upon terms in the Deed of Trust.

1.7     The true names and capacities of Does 1 through 20, inclusive, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff alleges, based upon information and belief, that each Defendant is responsible in some manner for the events described herein and is liable to Plaintiff for the damages he has incurred. Plaintiff will amend

COMPLAINT - 2

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1  this Complaint to show the true names and capacities of the Doe Defendants when the same

2  have been ascertained.

3       1.8    At all times mentioned herein, the Defendants, and each of them, were the

4  agents, servants, representatives and/or employees of each of the remaining Defendants and

5  were acting within the course and scope of such agency or employment.  The exact terms and

6  conditions of the agency, representation or employment relationships are presently unknown to

7  Plaintiff, but when the information is ascertained, leave of court will be sought to insert the

8  appropriate allegations.

9

10              II. **FACTUAL ALLEGATIONS**

11      2.1    Plaintiff re-alleges and incorporate by reference the allegations set forth in

12  Paragraph I above.

13      2.2    Plaintiff Kristin Bain is a young woman who has severe ADD, which involves a

14  difficulty understanding documents, especially voluminous documents such as mortgage loan

15  documents.  Ms. Bain is able to live independently, but she also receives significant assistance

16  from her parents.  Ms. Bain works, but she also has access to some trust funds for specific

17  purposes.  In late 2006 and early 2007, Ms. Bain was interested in purchasing a home of her

18  own and sought assistance from a realtor for that purpose.  Ms. Bain became interested in a

19  property located in Everett and made an offer on the house.  Ms. Bain was referred to the

20  mortgage broker, Defendant Metropolitan, by her realtor.  Ms. Bain was working with a loan

21  originator named Korey Pisha.

22      2.3    Ms. Bain's mother, Christine, called Mr. Pisha in early February 2007 to explain

23  to him about her special needs and to indicate that she would have difficulty in understanding

24  loan documents herself.  Christine provided Mr. Pisha with her telephone number and that of

COMPLAINT - 3

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1  Ms. Bain's father so that they could assist in the process and one of them could accompany her

2  to the loan signing.  Christine also advised Mr. Pisha that Ms. Bain could not afford more than

3  $1,200.00 per month for a mortgage payment and that if money was needed from her trust

4  account to help with a down payment that would assure an affordable monthly payment, Mr.

5  Pisha should contact Christine at least 10 days in advance to make those arrangements.  Mr.

6
   Pisha told Christine that he would contact her when the loan documents were ready for signing

7
8  so that a family member could accompany Ms. Bain.  Mr. Pisha never made that call and did

9  not advise that Ms. Bain was going to sign the loan documents.

10        2.4     Ms. Bain went to the loan signing at the offices of the escrow agent

11  unaccompanied early in March 2007.  Ms. Bain did not receive the initial disclosures which she

12
    was supposed to receive from Defendant Metropolitan when she made application for the loan,

13
14  nor did she receive an initial Good Faith Estimate ("GFE") and other disclosure documents

15  required by the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA").  Ms. Bain did not

16  receive these disclosures either from Defendant IndyMac.  Therefore, Ms. Bain did not have

17  any idea what the terms of the loan was when she went to the signing.  Ms. Bain did receive

18  copies of the loan documents at the loan signing, but she did not realize that her mortgage

19  payments would be more than $1,700.00 per month!  Ms. Bain's loan application contained

20  completely false information regarding her monthly income.  Ms. Bain works as a customer

21
    service representative for Cingular, which is not a high paying job.  Nevertheless, Mr. Pisha

22
23  reported her monthly income on the loan application as $3,200.00 per month!  Further, there

24  was information on the loan application regarding Ms. Bain's trust fund and the form indicates

25  that she receives monthly income from the trust fund.  This is not true as Ms. Bain does not

26  receive monthly income.  Notably, of course, Ms. Bain was not provided with the opportunity

27
   COMPLAINT  - 4

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1   to pay down the price of the condominium nor to decrease the costs of or interest rate on the

2   loan by withdrawing funds from the trust fund even after her parents' request to Mr. Pisha as a

3   representative of Defendant Metropolitan.

4       2.5     Ms. Bain has struggled to make the mortgage payments since she purchased the

5   condominium because they exceeded her ability to pay.  Finally in 2008, the payments became

6   too much for Ms. Bain and she received a Notice of Default.  When Ms. Bain could not cure

7   the default on the mortgage, she received a Notice of Trustee's Sale from Defendant Regional

8   Trustee indicating that the foreclosure sale of her home was scheduled for December 26, 2008.

9       2.6     The NOTS indicates that Defendant Regional Trustee is foreclosing under the

10  Deed of Trust on the first mortgage loan on behalf of the beneficiary.  Even though the loan

11  was actually made by Defendant IndyMac, it apparently is taking the position that Defendant

12  MERS was the original beneficiary, which is a completely false assertion.  Defendant MERS

13  never had any beneficial interest in Ms. Bain's loan.  Nevertheless, a person named Bethany

14  Hood signed an Assignment of Deed of Trust document as an alleged Vice President of

15  Defendant MERS "as nominee for its successors and assigns". Ms. Hood signed the document

16  in Dakota County, Minnesota, even though neither Defendant MERS nor Defendant IndyMac

17  is located or has offices in Minnesota.  In fact, the document itself indicates that once it is

18  recorded, it is to be returned to Defendant IndyMac in Austin, Texas.  This Assignment asserts

19  that Defendant MERS is assigning Ms. Bain's loan to Defendant IndyMac – the original

20  lender.  Further, the Assignment was allegedly signed on September 3, 2008.  The Assignment

21  was recorded in the records of King County, Washington on September 9, 2008 at 13:51 under

22  Document Number 20080909001149.  In spite of the fact that the purported Assignment did

23  not occur until at least September 9, 2008, a Christina Allen, an alleged Assistant Vice

COMPLAINT  - 5

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1   President of Defendant IndyMac signed an Appointment of Successor Trustee document on

2   August 26, 2008, also in Dakota County, Minnesota, purporting to appointment Defendant

3   Regional Trustee as the trustee under the Deed of Trust.  Next to Ms. Allen's signature dated

4   August 26, 2008, there is a handwritten notation that the Appointment is "effective 9/3/08";

5   however, the Appointment document was not recorded until September 9, 2008 at 13:51 under

6   Document Number 20080909001150 – the next recording number after the Assignment.

7   Therefore, Defendant IndyMac "pre-signed" the Appointment document before it allegedly

8   acquired its interest in the Deed of Trust.  In addition, Ms. Hood asserts, based upon

9   information and belief, that Ms. Hood is not a Vice President of Defendant MERS and Ms.

10   Allen is not an Assistant Vice President of Defendant IndyMac.  In fact, Ms. Hood and Ms.

11   Allen are not employees of either company but rather are employees of Defendant Fidelity

12   National Title who are actively participating in fraudulently executing documents in connection

13   with this foreclosure sale by making false representations regarding their authority and

14   employment capacity.  Since it is unclear as to whether anyone had the authority to appoint

15   Defendant Regional Trustee as the foreclosing trustee, there is a question about whether it had

16   the authority to sign the NOTS and note the foreclosure sale.

17   

18       2.7       For all of these reasons, Ms. Bain maintains that the foreclosure sale scheduled

19   to take place on December 26, 2008 should be temporarily restrained and eventually enjoined

20   until such time as this court makes a determination as to the propriety or impropriety of the

21   foreclosure sale process.

22   

23   //

24   //

25   //

26   

27   COMPLAINT  - 6

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 501
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

# III. CAUSES OF ACTION

## First Cause of Action
## For Temporary Restraining Order and Preliminary Injunction
## As Against Defendants Regional Trustee and IndyMac

3.1    Plaintiff incorporates herein by reference as though fully set forth at length each and every allegation and statement contained in Paragraphs 1 through 2.7, inclusive, of the Factual Allegations.

3.2    By way of the filing of a separate motion, Plaintiff will move for issuance of a temporary restraining order and a preliminary injunction in order to stop the foreclosure sale.

3.3    In order to obtain an injunction, a plaintiff must show that: (1) she has a clear legal or equitable right; (2) that she has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to her. *Kucera v. State, Dept. of Transportation*, 140 Wn.2d 200, 209, 995 P.2d 63 (2000). Such criteria is evaluated by balancing the relative interests of the parties, and if appropriate, the interests of the public. *Id.* Ultimately, the decision to grant a preliminary injunction is within the sound discretion of the trial court, with such discretion to be exercised according to the circumstances of each particular case. *Washington Fed'n of State Employees v. State*, 99 Wn.2d 878, 887 (1983) (citations omitted).

3.4    In addition, under the DTA, a borrower must seek to obtain an order restraining the sale or risk the possibility of waiving all claims against the foreclosing entities and/or in relation to the making of the loan.

//

//

//

COMPLAINT  - 7

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 301
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## Second Cause of Action
### Infliction of Emotional Distress
### as Against All Defendants

3.5     Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in Paragraphs 1 through 2.7, inclusive, of the Factual Allegations above, and Paragraphs 3.1 through 3.4, inclusive, of the Causes of Action above.

3.6     By their conduct described in this Complaint, all of the Defendants have committed the tort of intentional infliction of emotional distress.

## Third Cause of Action
### Breach of Fiduciary or Quasi-Fiduciary Duty
### as Against Defendants IndyMac, MERS and Regional Trustee

3.7     Plaintiff incorporates herein by reference as though fully set forth at length each and every allegation and statement contained in Paragraphs 1 through 2.7, inclusive, of the Factual Allegations, and Paragraphs 3.1 through 3.6, inclusive, of Causes of Action above.

3.8     Defendants IndyMac, MERS and Fidelity National Title owed a fiduciary duty or quasi-fiduciary duty to Plaintiff, including but not limited to, acting in Plaintiff's best interests, and providing him with fair and honest disclosure of all facts that might be presumed to influence him in regard to his actions, including those facts favorable to a creditor and adverse to Plaintiff's interest as it relates to the mortgage loan described herein.

3.9     Defendant Regional Trustee has a fiduciary duty as an alleged trustee under the DTA and it has violated its duties under the DTA by failing to conduct its business as required under the DTA and by falsely representing that it is the trustee under Ms. Bain's Deed of Trust when it has never been properly appointed as such.

//

COMPLAINT  - 8

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601.
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

Fourth Cause of Action
Violations of the Consumer Protection Act
Based Upon Violations of the Mortgage Broker Practices Act
As Against Defendant Metropolitan Mortgage

3.10    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in Paragraphs 1 through 2.7, inclusive, of the Factual Allegations above, and Paragraphs 3.1 through 3.9 inclusive, of the Causes of Action above.

3.11    Defendant Metropolitan is required to comply with all of the requirements of the Mortgage Broker Practices Act, RCW 19.146 et seq.  When brokering Ms. Bain's loan, Defendant Metropolitan did not comply with the following requirements of RCW 19.146.0201 (the specific acts or inactions by this Defendant is more particularly described above in the Factual Allegations portions of the Complaint): Defendant Metropolitan employed a scheme or artifice to defraud or mislead Plaintiff; Defendant Metropolitan engaged in unfair and deceptive practices toward Plaintiff; Defendant Metropolitan obtained property by fraud or misrepresentation; Defendant Metropolitan failed to make disclosures to Plaintiff as required by RCW 19.146.030 and any other applicable state or federal law; Defendant Metropolitan failed to comply with numerous requirements of the TILA, 15 U.S.C. § 1601, et seq. and/or the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq.; and Defendant Metropolitan collected and charged a fee prohibited by RCW 19.146.030.  Defendant Metropolitan is liable for these violations of the Mortgage Broker Practices Act as they constitute per se violations of the Consumer Protection Act.

//

//

COMPLAINT  - 9

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1

2

**Fifth Cause of Action**
**Violations of the Truth in Lending Act**
**Against Defendant IndyMac**

3

4     3.12    Plaintiff incorporates herein by reference, as though fully set forth at length,

5     each and every allegation and statement contained in Paragraphs 1 through 2.7, inclusive, of the

6     Factual Allegations above, and Paragraphs 3.1 through 3.11 inclusive, of the Causes of Action

7     above.

8     3.13    Defendant IndyMac did not provide Plaintiff with a Good Faith Estimate or a

9     Truth in Lending Disclosure document three days after Plaintiff submitted a loan application, as

10    required by law under the Truth-in-Lending Act, 15 U.S.C. §1601, *et seq*. In addition,

11    Defendant IndyMac never provided Plaintiff with an amended Good Faith Estimate as required

12    by law if and when certain terms of the disguised loan changed.

13

14                        IV.   **PRAYER FOR RELIEF**

15    WHEREFORE, Plaintiff prays for relief as follows:

16    1.      General damages in an amount to be determined at trial;

17    2.      Treble damages for each and every violation of the Consumer Protection Act,

18    plus attorney fees and costs;

19    3.      Damages, including emotional distress, by the conduct of the Defendants in an

20    amount to be fully proved at the time of trial;

21

22    4.      Injunctive relief which may be available against the Defendants prohibiting

23    them from engaging in these prohibited acts in the future;

24    5.      Statutory and/or punitive damages which may be available to Plaintiff for

25    violations of TILA;

26    6.      The value of lost use of Plaintiff's monies, past and future, according to proof at

27

COMPLAINT   - 10

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

1  time of trial; and

2      7.    For such other and further relief as the Court deems equitable and just.

3

4  Dated this 23rd day of December 2008.

5                              LAW OFFICES OF MELISSA A. HUELSMAN,

6                              P.S.

7                              /s/ Melissa A. Huelsman

8                              _____
                               Melissa A. Huelsman, WSBA #30935
                               Attorney for Plaintiff Kristin Bain    Per her

9                                                                      Authorization

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT  - 11
                              LAW OFFICES OF
                              MELISSA A. HUELSMAN, P.S.
                              705 SECOND AVENUE, SUITE 501
                              SEATTLE, WASHINGTON 98104
                              TELEPHONE: (206) 447-0103
                              FACSIMILE: (206) 447-0115