THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTIN BAIN,<br><br>             Plaintiff,<br>   v.<br><br>ONEWEST BANK, F.S.B.; DEUTSCHE BANK NATIONAL TRUST COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; REGIONAL TRUSTEE SERVICES,<br><br>             Defendants. | No.: 2:09-cv-00149 JCC<br><br>DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT |

Deutsche Bank National Trust Company's ("Deutsche Bank") Motion for Partial Summary Judgment ("Motion"), Plaintiff's Response ("Response") thereto, and this Reply in support thereof make clear that Plaintiff initiated this suit against Deutsche Bank not because she had a good-faith basis to believe Deutsche Bank caused her harm, but because she has been unable to get the holder of her Promissory Note to negotiate a "resolution regarding her default." *See* Amended Complaint ("Am. Compl.") 3.15. This is the antithesis of the Legislature's goal "that the nonjudicial foreclosure process should be efficient and inexpensive," and the Court

DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S
 REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT

1

DAVIES LAW GROUP LLC
COLUMBIA CENTRE
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: 206-262-8050

should not condone lawsuits as leverage. *Plein v. Lackey*, 149 Wn.2d 214, 228 (2003). Because Plaintiff's claims all hinge on the assertion that Deutsche Bank lacks Plaintiff's Note when it in fact holds the Note, the Court should grant Deutsche Bank's Motion.

## I. <u>RELEVANT FACTS</u>

The arguments in Deutsche Bank's motion address Plaintiff's claims against Deutsche and her failure to adequately support those claims. Defendants provided Plaintiff with information establishing the respective identities of the holder of Plaintiff's Promissory Note and the Servicer of her mortgage loan.[1] Using this information, Plaintiff named Deutsche Bank in her Amended Complaint, predicating its liability on Deutsche Bank's being the holder of her Promissory Note. *See* <u>Amended Complaint ("Am. Compl.") ¶ 1.2</u> ("Plaintiff has been advised by counsel for previous defendants in this case that Defendant Deutsche is the trustee of the mortgage-backed securities trust that presently owns Ms. Bain's mortgage loan, in the place and stead of defendant IndyMac Bank and the FDIC."). Because she had not been provided with the original promissory note, Plaintiff now asks this Court to discount Deutsche Bank's arguments in support of its Motion which, like Plaintiff's basis for naming Deutsche Bank as a defendant, are predicated entirely on its being the holder of Plaintiff's Promissory Note. *See* <u>Response at 3:12-15</u>. ("Simply put – Defendant Deutsche's Motion rests entirely upon documentation that cannot be verified properly and cannot be relied upon for the purposes asserted by Defendant Deutsche.").

---

[1] In her Response, Plaintiff states, "[i]t is important to remind the Court that in spite of the fact that this case has been open since 2009, Defendant's [sic] OneWest and Deutsche only submitted partial Initial Disclosures in August 2010." <u>Response at 1:23-25</u>. However, Plaintiff conveniently fails to remind the Court that Defendants OneWest and Deutsche Bank were not named as defendants until July 14, 2010. Thus, providing Plaintiff with disclosures pursuant to FRCP 26(a) in August of 2010 was wholly appropriate.

DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S
REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT

2

DAVIES LAW GROUP LLC
COLUMBIA CENTRE
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: 206-262-8050

As this Court has concluded previously, courts "have routinely held that Plaintiff's so-called 'show me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276 (W.D.Wash. 2010) (*quoting Diessner v. Mortgage Electronic Registration Systems*, 618 F.Supp.2d 1184, 1187 (D.Ariz. 2009) (collecting cases)). This fact notwithstanding, in response to Plaintiff's brief, to assuage her concerns, and to avoid any ambiguity: ***Deutsche Bank owns Plaintiff's Note pertaining to her property located at 15340 Macadam Rd. S, Unit B105, Seattle, WA 98188, endorsed in blank***. Declaration of Ronaldo Reyes ("Reyes Dec.") ¶ 2 & Ex. A. Plaintiff's Note was assigned to Deutsche Bank by former defendant IndyMac Bank, FSB, and placed in a mortgage loan asset-backed trust pursuant to a Pooling and Servicing Agreement dated June 1, 2007. *Id.* ¶ 3 & Ex. B. Thus, Deutsche Bank was in possession of Plaintiff's note at all times relevant to this action and its ability to trigger foreclosure proceedings in 2008 was the legal consequence of Plaintiff's default.[2] Notably, apart from triggering the foreclosure proceedings following Plaintiff's default, Deutsche Bank did not play a role in prosecuting the foreclosure – that would be the servicer and foreclosure trustee in late 2008, *see* Am. Compl. ¶2.5 – and Plaintiff makes no allegation that Deutsche Bank played any such role.

Next, a simple review of Plaintiff's Amended Complaint demonstrates that her third cause of action, as asserted against Deutsche Bank, is not for violation of Washington's Deed of Trust Act ("DTA"). Notably, Plaintiff only asserts a cause of action for violation of the DTA against defendant Regional Trustee Services ("Regional"). *See* Am. Compl. ¶¶ 3.8–3.9. Clearly then, if Plaintiff meant to predicate her "Breach of Fiduciary or Quasi-Fiduciary Duty" claim

---

[2] Plaintiff has already conceded defaulting on her loan obligations. *See* Am. Compl. ¶2.5. Additionally, she asserts that her failure to pay amounts owed is wholly attributable to the Defendants' actions. Response at 4:3-5. Not only does this assertion contradict Plaintiff's Amended Complaint, *see* Am. Compl. ¶ 2.5, the fact that Plaintiff has never tendered money owed – or even made an attempt to do so – clearly demonstrates the inaccuracy of her assertion.

DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S
REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT

3

DAVIES LAW GROUP LLC
COLUMBIA CENTRE
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: 206-262-8050

against Deutsche on a purported violation of the DTA, she would have said so in her Amended Complaint. Instead, Plaintiff's third cause of action against Deutsche Bank is some anomalous claim that bears an uncanny resemblance to a cause of action asserted in *Vawter v. Quality Loan Serv. Corp.*, 707 F. Supp. 2d 1115, for wrongful foreclosure. See Motion, at 8 n.1. For this reason, Deutsche Bank argues in its motion that Plaintiff's third cause of action is one for damages for the wrongful institution of a foreclosure proceeding, and that this Court's holding regarding an identical claim in *Vawter* applies. See Motion, at 7-10.

Finally, while relying heavily on the Ninth Circuit's unpublished *Keahey* decision in her response, Plaintiff states, "[t]he remaining claims in this case are governed by state law and it is entirely appropriate for this Court to leave the decisions regarding the proper interpretation of state law to Washington courts." Response, at 2:12-15. Plaintiff completely discounts the fact that this case was properly removed to, and is presently before, this Court. Deutsche Bank's partial summary judgment motion was filed in this Court. Accordingly, jurisprudence from this Court and the Ninth Circuit applies to her claims and should be given due concern and consideration. As such, it is entirely appropriate for this Court to decide Deutsche Bank's motion based on the arguments and authorities cited therein, as well as those below.

## II.  ARGUMENT

**1.  Plaintiff's Response is untimely and her supporting declarations have not been filed.**

As a threshold matter, Plaintiff's Response is untimely. Under CR 7(d), Plaintiff's opposition brief was due for filing and service by Monday, February 14, 2011; however, Plaintiff did not file her Response until Tuesday, February 15. Plaintiff did not request additional time to respond. By Plaintiff's failure to properly respond, the Court may find that Plaintiff has admitted

DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S
REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT

4

DAVIES LAW GROUP LLC
COLUMBIA CENTRE
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: 206-262-8050

Deutsche Bank's Motion for Partial Summary Judgment is meritorious. CR 7(b)(2). Additionally, this Court may not consider the declarations Plaintiff cites in support of her DTA and Intentional Infliction of Emotional Distress ("IIED") arguments, <u>see</u> Response at 2:16-26, 5:9-11, because Plaintiff has not provided these declarations.

**2.   Plaintiff has *still* failed to adequately support her claim for Intentional Infliction of Emotional Distress.**

To be clear, Deutsche Bank moved for summary judgment on Plaintiff's IIED claim because (1) Plaintiff failed to establish that Deutsche Bank engaged in extreme and outrageous conduct, <u>Motion, at 5:1-15</u>, and (2) Plaintiff failed to show that Deutsche bank intentionally or recklessly inflicted severe emotional distress on Plaintiff. *Id*. at 5:16-22. Plaintiff's Response does nothing to refute Deutsche Bank's contentions.

In her Response, Plaintiff spends much of her IIED argument – two of the three paragraphs – discussing the distress she suffered and appears to use *Kloepfel v. Bokor*, 149 Wn.2d 192, 196, 66 P.3d 630 (2003), in support of an argument that she need do no more than show "a significant stress matter" to establish her IIED claim. <u>*See* Response at 5:15-18</u> ("…symptoms resulting from a significant stress matter meet the standard for intentional infliction of emotional distress or outrage. The potential loss of one's home to foreclosure can certainly engender this sort of response."). Plaintiff is incorrect. Even if Deutsche Bank had argued in its motion that Plaintiff failed to sufficiently support the injury element of her claim, a showing of Plaintiff's "significant stress matter" falls woefully short of establishing Deutsche Bank's liability for IIED.

The elements of intentional infliction of emotional distress are "'(1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual

DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S
REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT

5

DAVIES LAW GROUP LLC
COLUMBIA CENTRE
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: 206-262-8050

result to the plaintiff of severe emotional distress.' " *Snyder v. Med. Serv. Corp.*, 145 Wn.2d 233, 242, 35 P.3d 1158 (2001) (quoting *Birklid v. Boeing Co.*, 127 Wn.2d 853, 867, 904 P.2d 278 (1995)).  As shown in Deutsche Bank's partial summary judgment motion, Deutsche Bank did nothing other than take appropriate measures – triggering the foreclosure process following Plaintiff's default on her loan obligations – to enforce its secured interest in Plaintiff's property as the holder of Plaintiff's Promissory Note.  <u>See</u> Reyes Dec ¶2.  Such conduct cannot be fairly characterized as "extreme and outrageous" for purposes of IIED liability.  *Id*.

Nor does Plaintiff's discussion of the *Keahey v. Jared*, Case No. 09-6000, save her IIED claim. Plaintiff appears to assert that the unpublished decision, emanating from an appealed Bankruptcy Court decision, has some bearing on Deutsche Bank's motion.  Plaintiff's assertion is misguided in a number of respects.  First, whether or not the case stands for the proposition that a party may pursue damages for violations of the DTA[3] is inapposite here because a review of Plaintiff's Amended Complaint shows that Plaintiff alleges no DTA violation against Deutsche Bank.  Second, even if Plaintiff had asserted a DTA claim against Deutsche Bank, the ability to obtain damages under the DTA has nothing to do with her IIED claim.

Third, at no point in its motion did Deutsche Bank take the position that no set of circumstances would permit an action for IIED in the foreclosure context.  In fact, if *Keahey* has

---

[3] Plaintiff incorrectly contends that the Ninth Circuit's affirmation contradicts the *Vawter*, 707 F. Supp. 2d at 1128, and *Pfau v. Wash. Mut. Inc*., 2009 WL 484448 at *12 (E.D. Wash. 2009), holdings regarding a party's inability to maintain an action for damages for the wrongful institution of a foreclosure proceeding. Beyond the fact that the unpublished decision was obtained against a *pro se* litigant, the *Keahey* court's DTA analysis was specific to fees and costs paid to the trustee under RCW 61.24.090(2) to cause a discontinuance of the foreclosure proceedings <u>by curing the default</u>: "[The DTA] permits a challenge to excessive fees demanded to cure a default under a deed of trust to be brought in 'any court.' " 2011 WL 288966, *2. The Ninth Circuit clarified that the obtainable relief was specific to the fees paid to cure the default. *Id*. at *3. As such, Plaintiff's indication that *Keahey* stands for the proposition that a party might be able to pursue affirmative damages for violation of the DTA, <u>see</u> <u>Response at 6:4-6, 16-19</u>, is disingenuous at best.

DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S
REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT

6

DAVIES LAW GROUP LLC
COLUMBIA CENTRE
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: 206-262-8050

any utility here, it is to illustrate when a foreclosing creditor's actions might be sufficiently "extreme and outrageous" to support the claim.[4] Notably, the *Keahey* Defendant's numerous misdeeds appear akin to "emotional abuse" and "other personal indignities," as discussed in *Vawter*. *See* 707 F. Supp. 2d at 1128; <u>see also</u> Motion at 5. Plaintiff, however, has provided no evidentiary or factual basis to support that Deutsche Bank's purported actions came anywhere close to approaching the severity of actions discussed in *Vawter* or present *Keahey* – quite the opposite, Plaintiff concedes that she "does not allege similarly egregious facts." In short, Plaintiff has failed to make any showing that Deutsche Bank engaged in extreme and outrageous conduct. *See Snyder, supra*, at 242.

Finally, Plaintiff's only meaningful attempt at establishing the extreme and outrageous conduct element is her conclusory assertion that, "Ms. Bain can prove her claims for intentional

---

[4] In concluding that "reasonable minds (such as the one exercised by the trial judge) could conclude that, in light of the severity and context of the conduct, [the defendant's conduct] was *beyond all possible bounds of decency, ... atrocious and utterly intolerable in a civilized community*," *In re Keahey*, 09-60000, 2011 WL 288966 (9th Cir. Jan. 31, 2011) (emphasis in original), the *Keahey* court identified the creditor's following misdeeds:

> "[Creditor] 'had no idea how to conduct a non-judicial foreclosure sale[,] ... did just about everything wrong,' and 'signaled to Mr. Keahey with each and every communication that Mr. Keahey would never be able to keep his house.'
>
> [Creditor] stipulated to having breached his fiduciary duty to Keahey as a trustee under Washington's Deed of Trust Act (the "DOTA"). *See* Wash. Rev.Code Ann. §§ 61.24.010(4).
>
> Although 'there was no ... interest due under the note,' [Creditor] demanded a 10 percent interest charge, amounting at first to $36,000-a 'huge amount[ ]to people like Keahey.' [Creditor] likewise demanded payment for incorrect and excessive property tax, insurance, and utility charges.
>
> [Creditor] arranged for the foreclosure sale to take place in the parking lot of his condominium, rather than a public place, as required by the DOTA. [Creditor] later testified that he opted for the parking lot because he 'was going to personalize it, make it nice for the bidders, ... [to] boutiquify it.'
>
> Even '[w]hen the claimed defaults were cured, [Creditor] immediately claimed new defaults entitling him to restart the foreclosure process and charge additional fees and costs for his own benefit.' By continually and unjustifiably varying the amount of debt owed, he unjustly prevented Keahey from exercising the right to cure for a period of three years." *Id*.

DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S
REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT

7

DAVIES LAW GROUP LLC
COLUMBIA CENTRE
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: 206-262-8050

infliction of emotional distress by demonstrating to the Court that the wrongful and illegal initiation of a foreclosure sale by these defendants caused her emotional distress because their actions go beyond the bounds of decency." Response at 5:2-6. Even if this were true, to establish a claim for IIED, the emotional distress complained of must be inflicted intentionally or recklessly; bad faith or malice is not enough to establish the claim. *Dicomes v. State*, 782 P.2d 1002, 1013 (1989). In both her Amended Complaint *and her Response*, Plaintiff fails to allege any facts or proffer any evidence supporting that Deutsche Bank had the requisite intent. For these reasons, Plaintiff's IIED claim against Deutsche Bank should be dismissed with prejudice.

**3. Plaintiff's Third Cause of Action, as asserted against Deutsche Bank, is specifically one for "Breach of Fiduciary or Quasi-Fiduciary Duty" and as such cannot be maintained.**

To be clear, Plaintiff's third cause of action against Deutsche Bank, as asserted, was one for Breach of "Fiduciary or Quasi-Fiduciary Duty"; it was not for violation of the DTA. See Am. Compl. ¶ 3.8. As such, Deutsche Bank argued in its motion that it was entitled to judgment as a matter of law because it owed Plaintiff no such duty under Washington law. *See* Motion at 4-5. Plaintiff utterly failed to oppose (or even address) this argument in her Response. Thus, for the reasons set forth in Deutsche Bank's Motion for Partial Summary Judgment, Plaintiff's third cause of action against Deutsche Bank should be dismissed with prejudice.

**4. If Plaintiff now attempts to re-package her third cause of action against Deutsche Bank as being one for "violations of the duties under the Deed of Trust Act," an alteration in pleading that should not be permitted, the claim cannot be maintained for the reasons set forth in Deutsche Bank's Motion for Partial Summary Judgment.**

DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S
REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT

8

DAVIES LAW GROUP LLC
COLUMBIA CENTRE
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: 206-262-8050

As to her third cause of action against Deutsche Bank, Plaintiff's opposition brief bears little resemblance to the allegations of her Amended Complaint.[5]  Following Deutsche Bank's demonstration that Plaintiff's third cause of action appeared to be one for damages for the wrongful institution of a nonjudicial foreclosure proceeding, and as such, could not be maintained, Plaintiff responds with (1) speculation that because she has not seen the original note, Deutsche Bank lacked the authority to initiate foreclosure, <u>see</u> Response, at 7:26, 8:1-2; and (2) an invitation to this Court to ignore its holding in a highly analogous case, <u>id</u>. at 7:5-8.[6]

First, Plaintiff is mistaken that Deutsche Bank is liable for seeking to enforce its rights under the Note.  Deutsche Bank possesses the Note and has the right to foreclose.  <u>See</u> <u>Reyes Dec. ¶ 2 & Ex. A</u>.  Under Plaintiff's Deed of Trust, her Note was originally payable to IndyMac Bank, FSB, <u>Dkt. 147-3 at 2</u>, and was assigned to Deutsche Bank prior to the time foreclosure proceedings were initiated in 2008.  <u>See</u> Reyes Dec. ¶ 3 & Ex. B (showing Pooling Servicing Agreement dated June 1, 2007).  The Note is in Deutsche's possession and is endorsed in blank, without recourse.  <u>Id</u>. ¶ 2 & Ex. A at 4.  A blankly endorsed Note is payable to its bearer and may be negotiated by transfer of possession.  RCW 62A 3-205(b).  Deutsche Bank possesses the Note and is its bearer.  <u>Reyes Dec. ¶ 2</u>.  As such, Deutsche Bank had the ability to enforce all rights under the Note at all relevant times.  Thus, because Plaintiff defaulted on her loan obligations,

---

[5] It appears Plaintiff deliberately pled her claim against Deutsche Bank (and others) in this manner in an attempt to side-step Judge Robart's decision in, *Vawter v. Quality Loan Serv. Corp*., 707 F. Supp. 2d 1115, where Plaintiffs asserted a claim that was virtually identical to Plaintiff's third cause of action in this matter.

[6] Additionally, Plaintiff includes a bevy of authorities and citations that apply to the foreclosure trustee, not Deutsche Bank.  *See, e.g.,* Motion at 7:13-14 ("Because the deed of trust foreclosure process is conducted without review or confirmation by a court, the fiduciary duty imposed on the [foreclosure] trustee is exceedingly high.") (citing *Cox v. Helenius*, 103 Wn.2d 383, 387, 693 P.2d 683 (1985).

DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S
REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT

9

DAVIES LAW GROUP LLC
COLUMBIA CENTRE
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: 206-262-8050

Deutsche Bank cannot be liable for exercising its rights in initiating foreclosure proceedings. Plaintiff's third cause of action should, therefore, be dismissed with prejudice.

Second, Plaintiff asserts, "there are no published Washington state court decisions holding that trustee's and/or foreclosing entities, *i.e.*, note holders, are immune from liability for violating the provisions of the Deed of Trust Act …." Response, at 7:5-8. Plaintiff's assertion is irrelevant to the issue before this Court, and Plaintiff conveniently fails to mention that no Washington court has *ever* permitted affirmative damages based on defects in the initiation of foreclosure.[7] *Pfau v. Wash. Mut. Inc.*, 2009 WL 484448 at *12 (E.D. Wash. 2009) ("There is no case law supporting a claim for damages for the initiation of an allegedly wrongful foreclosure sale. Moreover, there is no statutory basis supporting a claim for damages for wrongful institution of foreclosure proceedings.") (citing *Kreinke v. Chase Home Fin.*, 2007 WL 2713737 (Wn. App. 2007)); *Henderson v. GMAC Mortgage*, 2008 WL 1733265, *5 (W.D. Wash. 2008) ("illegal foreclosure" claim fails because "no foreclosure ever occurred"). As demonstrated by its opinion, this Court was aware of these decisions when it dismissed a claim in *Vawter*, 707 F. Supp. 2d at 1122-24, that was virtually identical to Plaintiff's third cause of action against Deutsche Bank. *See* Motion at 8 n.1. Indeed, Judge Robart's decision in *Vawter* was rooted in Washington case law, the language of the DTA, and the Act's legislative history. *See* 707 F. Supp. 2d at 1122-24. While Plaintiff invites this Court to ignore its previous holding in *Vawter*, in failing to distinguish her third cause of action against Deutsche Bank, she has provided this Court with no occasion for doing so. Thus, like the wrongful foreclosure claim in *Vawter*, Plaintiff's third cause of action against Deutsche Bank should be dismissed with prejudice.

---

[7] Notably, Plaintiff has shown no defects attributable to Deutsche Bank in the instant case.

DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S
REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT
10

DAVIES LAW GROUP LLC
COLUMBIA CENTRE
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: 206-262-8050

**5.    Plaintiff's CPA claim against Deutsche Bank is completely meritless.**

To be clear, Deutsche Bank argued in its motion that Plaintiff's CPA claim should be dismissed for each of the following reasons: (1) Plaintiff failed to support Deutsche Bank's CPA liability as an assignee creditor, *see* Motion, at 10-12; (2) Plaintiff's CPA claim is preempted by federal law, *see id.*, at 12-14; (3) Plaintiff fails to satisfy the injury element of her CPA claim, *see id.*, at 14-16; and (4) Plaintiff fails to satisfy the public interest element of her claim, *see id.*, at 16-17.

To refute these arguments, Plaintiff argues only that (1) Deutsche Bank is not a federally regulated national bank, Response, at 9:17-22, and (2) "to the extent that the actions complained of herein relate to the foreclosure proceeding, they cannot be preempted by federal law since there are no federal foreclosure laws.  State law occupies the entire field on foreclosures…." *Id.* at 9:22-25.

First, Plaintiff has only addressed Deutsche Bank's second argument, asserting her CPA claim is preempted by federal law.  Because Plaintiff fails to oppose Deutsche Bank's arguments regarding her failure to establish the essential elements of her CPA claim or Plaintiff's failure to establish Deutsche Bank's assignee liability, she failed to create a genuine issue of material fact as to her CPA claim, and Deutsche Bank is consequently entitled to judgment as a matter of law.

Second, to the extent that the actions complained of by Plaintiff relate to the *foreclosure proceeding*, *see* Response, at 9:22-25, those alleged actions are not attributable to Deutsche Bank.  Aside from triggering the foreclosure proceedings *following Plaintiff's default*, Deutsche Bank had nothing to do with the foreclosure process that Plaintiff complains of.  In fact, the gravamen of Plaintiff's CPA claim against Deutsche Bank is that Deutsche Bank "caused a foreclosure to be initiated in an attempt to take possession and ownership of Ms. Bain's home,

DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S
REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT

DAVIES LAW GROUP LLC
COLUMBIA CENTRE
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: 206-262-8050

11

when [Deutsche Bank was] not the holder of Ms. Bain's Promissory Note." Am. Compl. 3.13(a).[8] Because Deutsche Bank held Plaintiff's Promissory Note when Plaintiff defaulted, it held the right to foreclose on the property to satisfy Plaintiff's debt. Accordingly, Deutsche Bank acted lawfully in triggering the foreclosure process, and Plaintiff's CPA is meritless.

### III. CONCLUSION

For the foregoing reasons, and for those provided in its Motion for Partial Summary Judgment, Defendant Deutsche Bank National Trust Company respectfully requests that this court grant its Motion for Partial Summary Judgment, dismissing Plaintiff's claims for Intentional Infliction of Emotional Distress, for Breach of Fiduciary or Quasi-Fiduciary Duty, and for violation of Washington's Consumer Protection Act with prejudice.

DATED this 18th day of February, 2011.

*Davies Law Group LLC*

   */s/ Douglas L. Davies*
Douglas L. Davies, WSBA #16750
Davies Law Group LLC
Columbia Centre
701 5th Avenue, Suite 4200
Seattle, WA 98104
(206) 262-8050

**Attorney for Deutsche Bank National Trust Company, Mortgage Electronic Registration Systems, Inc., and OneWest Bank, FSB.**

---

[8] Plaintiff has not provided, and cannot provide, any evidence supporting that Deutsche Bank prepared, created, or recorded any false documentation. *See* Am. Compl. ¶ 3.13(b). Additionally, for the reasons provided in section "4." of this Reply brief, Plaintiff has not made, and cannot make, any showing that Deutsche Bank acted unlawfully in connection with the foreclosure proceedings pertaining to her Macadam St. property.

DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S
REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT

12

DAVIES LAW GROUP LLC
COLUMBIA CENTRE
701 5TH AVENUE, SUITE 4200
SEATTLE, WA 98104
PHONE: 206-262-8050