UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTIN BAIN,

                    Plaintiff,

        v.

METROPOLITAN MORTGAGE
GROUP INC, et al.,

                    Defendants.

CASE NO. C09-0149-JCC

ORDER REMANDING CASE

This matter comes before the Court on Plaintiff's motion for leave to amend her complaint (Dkt. No. 179). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby REMANDS the case to King County Superior Court.

Plaintiff filed her complaint in this matter in King County Superior Court in December 2008. Former Defendant IndyMac removed the case to this court in February 2009 on the basis of federal question jurisdiction. (Dkt. No. 1.) Plaintiff alleges that various lender and loan servicing organizations committed common-law torts and violated Washington statutes in connection with their issuance and administration of a mortgage and deed of trust and their subsequent initiation of non-judicial foreclosure proceedings against her. Plaintiff also made a claim for violation of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. The Court has dismissed with prejudice on statute of limitations grounds Plaintiff's TILA claim,

which is the only claim over which the Court had original jurisdiction. (Dkt. No. 155 at 5.)

Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over state law claims when it has "dismissed all claims over which it had original jurisdiction." A district court's decision on whether to exercise supplemental jurisdiction "after dismissing every claim over which it had original jurisdiction" is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). In declining to continue to exercise supplemental jurisdiction over Plaintiff's state law claims, the Court has weighed "the values of judicial economy, convenience, fairness, and comity." *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Court's decision to remand is consistent with the Supreme Court's conclusion that "in the usual case in which all federal claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Id.* at 350 n.7.

Earlier this month, the Court remanded a case raising similar state law issues to those presented in this case. *See* Order Remanding Case, *Selkowitz v. Litton Loan Serv.*, No C10-5523-JCC (W.D. Wash. Nov. 14, 2012), ECF No. 55. The Court had previously certified three questions to the Washington State Supreme Court in both this case and the *Selkowitz* case. (Dkt. No. 159.) The state supreme court's opinion in *Bain v. Metropolitan Mortgage Group, Inc.*, 285 P.3d 34 (Wash. 2012), answered two of the Court's certified questions but declined to answer the third. The Court has carefully considered the *Bain* opinion and concluded that novel and complex issues of state law remain unresolved. Specifically, what remedies, if any, are available to Plaintiff under either the Deed of Trust Act or the Consumer Protection Act are novel and complex questions of state law. Accordingly, considerations of comity weigh strongly in favor of remanding the case. *See* 28 U.S.C. § 1367(c)(1); *Cargnegie-Mellon*, 484 U.S. at 350. In addition, with respect to judicial efficiency, the Court notes that Defendant Deutsche Bank has recently filed a judicial foreclosure action against Plaintiff in King County Superior Court. (Dkt. No. 180, Ex. 1.) It may be appropriate to consolidate this case with the foreclosure action.

The Court is aware that the parties have been diligently preparing for trial in this matter. The Court notes, however, that discovery and other preparations completed by the parties will be equally useful in proceedings before the state court as they would have been in proceedings before this Court. The Court is also mindful that this case has been before the Court for a number of years, but to the extent that that consideration weighs in favor of retaining supplemental jurisdiction, it is outweighed by the comity concerns that favor remand.

For the foregoing reasons, the Court REMANDS this case to King County Superior Court. A certified copy of this order shall be transmitted without delay to the clerk of the State court.

DATED this 4th day of December 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER REMANDING CASE
PAGE - 3